## BERNARD v. BRADY, Warden.

### No. 5652.

Circuit Court of Appeals, Fourth Circuit.

Dec. 5, 1947.

Writ of Certiorari Denied Jan. 19, 1948.
See 68 S.Ct. 386.

Clarence B. Bernard, pro se.

J. Edgar Harvey, Asst. Atty. Gen., of Maryland (Hall Hammond, Atty. Gen., of Maryland, on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a writ of habeas corpus on an informal application filed by appellant, who is imprisoned under the judgment of a state court, having been convicted of participating in a riot at the Maryland House of Correction. The District Judge denied relief on the ground that the petition did not show a denial of federal constitutional rights in the state trial. Petitioner was allowed to appeal to this court in forma pauperis but obtained no certificate of probable cause for an appeal as required by 28 U.S.C.A. § 466.

The appeal must be dismissed for failure of appellant to obtain the certificate of probable cause required by the statute. We have carefully examined his petition, however, and find that it is without merit. What he seeks is to review the action of the state trial court on the ground that he was convicted without evidence and that the punishment imposed subjected him to double jeopardy in view of the treatment he received while imprisoned prior to trial. It is well settled that habeas corpus cannot be used as a writ of error to review the proceedings of the trial court. Wright v. Brady, 4 Cir., 129 F.2d 109. There is an additional ground for holding that the petition to the court below was properly dismissed. It appears that appellant had filed in a Maryland state court a petition for habeas corpus asking relief on practically the same grounds as set forth in the petition to the District Judge and that this petition had been passed upon and held by the Court of Appeals of Maryland not to entitle appellant to relief. Bernard v. Warden, Md., 49 A.2d 737, 739. Two petitions for habeas corpus had been filed with and

882

denied by the Supreme Court of the United States. Bernard v. Wright, 326 U.S. 689, 66 S.Ct. 134, 90 L.Ed. 405, and Ex parte Bernard, 330 U.S. 805, 67 S.Ct. 975. If the petitions to the Supreme Court be treated as the equivalent of an application for certiorari, the petition below was properly denied, since a federal district court should not ordinarily grant the writ where the Supreme Court denies certiorari after a state court decision on the merits; if those petitions be not treated as the equivalent of certiorari, the petition below was properly denied since the remedies available under state law had not been exhausted. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 732; Stonebreaker v. Smyth, 4 Cir., 163 F.2d 498.

Appeal dismissed.