## UNITED STATES v. MEYERS.
### Cr. No. 1414–47.

United States District Court
District of Columbia.
July 22, 1949.

Robert T. Bushnell, of Boston, Mass., and Stanley Suydam, of Washington, D. C., for the motion.

George Morris Fay, United States Attorney, and Ross O'Donoghue, Assistant United States Attorney, both of Washington, D. C., opposed.

HOLTZOFF, District Judge.

This is a motion by the defendant under Section 2255 of Title 28 of the United States Code Annotated to set aside and vacate a judgment of conviction.

The defendant was indicted and tried on a charge of subornation of perjury before a Committee of the United States Senate. He was convicted by a jury. The judgment of conviction was affirmed by the United States Court of Appeals for the District of Columbia, and a petition for a writ of certiorari was denied by the Supreme Court.

At the conclusion of the taking of testimony at the trial, the defendant requested the Court to charge the jury that a meeting of the committee means a meeting of at least a majority of the members and that, since in this case the subcommittee was composed of five members, before there could be a meeting of the subcommittee there must have been present at least three members of that subcommittee physically in the committee room. The Court declined so to charge the jury. The Court of Appeals held that there was no error in that refusal, and the Supreme Court later denied a petition for certiorari.

Recently, however, in the case of Christoffel v. United States, 69 S.Ct. 1447, a case involving a charge of perjury committed before a Congressional Committee, the Supreme Court held, by a vote of five to four, that it is necessary that a majority of the Committee be present in the committee room at the time the perjury is committed in order to sustain a conviction.

■ On the basis of that decision the present petition is presented. The Federal Rules of Criminal Procedure, Rule 33, 18 U.S.C.A., provide for motions for a new trial, but limit the time for making such motions to five days after the verdict, except when the motion is based on the ground of newly discovered evidence. It was held by the Supreme Court in United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610, that, except within the limitations of Rule 33, the Court may not grant a new trial in a criminal case. Subsequently to the decision of that case, however, new Title 28 of the Code, containing section 2255, became law. The last mentioned section reads as follows:

"A prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

The legislative history of this section clearly indicates that its purpose was to correct some of the abuses that had arisen as a result of the filing of numerous petitions for writs of habeas corpus by inmates of Federal penal and correctional institutions. The purpose of this legislation was to require that applications of this kind, instead of being petitions for writs of habeas corpus in the district where the defendant was confined, should be made as motions to vacate the sentence before the Court which had originally imposed the sentence.

■ It is the Court's view, therefore, that the extent of the Court's jurisdiction and authority under Section 2255 is coextensive with the jurisdiction of the Court passing upon an application for a writ of habeas corpus. That this construction of this statute is correct is shown by the decisions of the Court of Appeals for the Fourth Circuit. Chief Judge Parker of that Court, in Howell v. United States, 4 Cir., 172 F.2d 213, 215, last January held that:

"It is only when there has been a denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U.S.C.A. § 2255." Judge Parker's statement has a peculiar importance because section 2255 was drafted by a committee appointed by the Judicial Conference of the United States, and Judge Parker was chairman of that committee.

This view was subsequently repeated by the Court of Appeals for the Fourth Circuit in Birtch v. United States, 173 F.2d 316.

■ The test, therefore, it seems to the Court, is whether the issue now being raised could have been raised on an application for a writ of habeas corpus prior to the enactment of section 2255. Obviously, it could not. It has been held, time and time again, that errors committed during the trial may not be reviewed on a writ of habeas corpus, unless these errors went to the jurisdiction of the court, or involved such a violation of the defendant's constitutional rights as to deprive him of the very essence of a fair trial. The Court might add that the very wording of Section

2255 supports this conclusion, because the fourth clause of that section reads as follows: "or is otherwise subject to collateral attack". The word "otherwise" has a significance because it indicates clearly that the preceding clauses relate to such matters as made the judgment subject to collateral attack. An error committed in the course of the trial may not subject the judgment to collateral attack.

■ The point that is now raised was argued not only at the trial, but also before the Court of Appeals which held that no error was committed, and that the Judge's charge to the jury was correct. The Supreme Court denied a petition for a writ of certiorari. True, a denial of a petition for a writ of certiorari is not equivalent to an affirmance of the judgment. The Supreme Court has stated so, time and time again. Nevertheless, it seems to the Court inconceivable that the Supreme Court would have denied certiorari if it held that the point of no quorum had a sound foundation. Or, it may be that the Supreme Court changed its views between the denial of the petition in the Meyers case and the decision in the Christoffel case. But perhaps this Court should not speculate on what was intended by the Supreme Court in denying the writ of certiorari in this case. The fact is that the point that is now being raised on this motion was passed on and determined adversely to the defendant by the Court of Appeals on direct appeal from the judgment, and what is now sought to be done is to set aside and attack the judgment collaterally for what, at most, on the basis of the Christoffel case, was an erroneous charge to the jury.

The Court is of the opinion, therefore, that it has no power under section 2255 of Title 28, or any other provision of law, to set aside the judgment. The Court is of the opinion that it has lost jurisdiction over it.

■ Entirely aside, however, from what might be called the technical aspect of this matter, because it is always unsatisfactory to dispose of vital rights on procedural grounds, it seems to the Court that even if it had full authority to grant such relief as the petitioner asks, the petitioner is not entitled to that relief. As was indicated in the opinion of the Court of Appeals in this case, and was was also stated in a footnote attached to the majority opinion of the Supreme Court in the Christoffel case, the testimony in this case showed that at the time when the perjured testimony was given by Lamarre, the witness whom Meyers was charged with having suborned, there was a quorum of the subcommittee present. No testimony was introduced to controvert the inference to be drawn from the records of the subcommittee that a majority of the subcommittee were physically in the room at the time Lamarre gave his testimony.

This being so, even if the Christoffel case had been decided before the Court of Appeals decided the instant case, it seems to this Court that the Court of Appeals could not have reached any other conclusion than that the alleged error in this case was not prejudicial because there was no evidence introduced or offered tending to controvert the presence of a quorum. The Court feels, therefore, that, even on the basis of the Christoffel case, no injustice has been done to this petitioner, as from the evidence at the trial of this case, it clearly appeared that a quorum of the subcommittee was present at the crucial time. The petitioner is not, either legally or in fact, entitled to the relief that he seeks.

The motion is denied.