**MEYERS v. WELCH.**

No. 6003.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 4, 1950.

Decided Jan. 13, 1950.

Stanley Suydam, Washington, D. C. (John O. Dahlgren, Paul L. Delaney and Dahlgren, Darragh & Close, Washington, D. C., on brief), for Appellant.

Ross O'Donoghue, Assistant United States Attorney, Washington, D. C. (George R. Humrickhouse, United States Attorney for the Eastern District of Virginia, Richmond, Va., and George Morris Fay, United States Attorney for the District of Columbia, Washington, D. C., on brief) for Appellee.

Before PARKER, Chief Judge, and DOBIE, Circuit Judge, and WARLICK, District Judge.

PARKER, Chief Judge.

This is an appeal from on order dismissing a petition for a writ of habeas corpus. Appellant was convicted in the United States District Court for the District of Columbia of the crime of subornation of perjury and was sentenced to a term of imprisonment, which was affirmed on appeal by the United States Court of Appeals for that Circuit. Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800. Certiorari to review this decision was denied by the Supreme Court on February 14, 1949. See 336 U.S. 912, 69 S.Ct. 602. One of the points made on the trial, by requests for instructions to the jury, was that appellant could not be convicted if a majority of the Congressional Committee was not present at the time

708

of the giving of the perjured testimony which appellant was charged with suborning; and this question was thoroughly dealt with by the appellate court in its opinion holding that the testimony given by the witness, when only a minority of a subcommittee was present, could not be considered as perjury, but that practically all of the witness' testimony was given when a quorum was present. See 84 U.S. App.D.C. 101, 171 F.2d 811–812.

On June 27, 1949, the Supreme Court decided the case of Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447, in which it held that there was error on the part of the trial court in that case in allowing the jury to find that a quorum of a Congressional Committee was present, so as to constitute a competent tribunal within the meaning of the perjury statute, merely because such quorum was present when the committee convened. The court distinguished the case of appellant here in a footnote appearing at 338 U.S. 89, 69 S. Ct. 1450, saying: "In Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, the appellant made contentions similar to those of petitioner. The Court of Appeals for the District of Columbia Circuit held the same view expressed here. 'On October 6, 1947, however, only two senators were present at the hearing. Since they were a minority of the subcommittee, they could not legally function except to adjourn. For that reason, the testimony of Lamarre given on that day cannot be considered as perjury nor can appellant be convicted of suborning it.' [84 U.S.App. D.C. at 112], 171 F.2d at page 811. The conviction was affirmed on the ground that all the perjurious statements alleged in the indictment were made on October 4, when a quorum was present. [84 U.S.App. D.C. at 113], 171 F.2d at page 812."

After the decision of the Supreme Court in the Christoffel case, the appellant here made a motion under 28 U.S.C.A. § 2255 in the United States District Court for the District of Columbia to ·vacate and set aside the judgment and sentence against him on the ground that, on his trial, he was denied the benefit of the rule as declared by the Supreme Court in the Christoffel case. This motion was denied on the ground that motion under 28 U.S.C. A. § 2255 was not available to correct mere errors of law committed on the trial of the cause but was appropriate only where there had been such denial of due process as to render the trial void and subject the judgment to collateral attack. United States v. Meyers, D.C., 84 F.Supp. 766. This was in accord with the decisions of this court in Howell v. United States, 4 Cir., 172 F.2d 213, Birtch v. United States, 4 Cir., 173 F.2d 316, and Taylor v. United States, 4 Cir., 177 F.2d 194, 195, in the last of which we said: "Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus." An appeal was taken from the denial of the motion; and it is now pending in the United States Court of Appeals for the District of Columbia.

■ Appellant was imprisoned for the service of his sentence in the Eastern District of Virginia; and, after the denial of the motion under 28 U.S.C.A. § 2255 by the trial court, he filed in the District Court of that District the application for writ of habeas corpus from denial of which this appeal is taken. We think that the application was properly denied. In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has· been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by· motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus. It is argued that the trial court based its decision on the ground that it had lost jurisdiction of the cause and could not for that reason entertain the motion. This is not correct. The holding of the court was that the relief· sought by plaintiff could not be had under

the motion and that the court had lost jurisdiction of the cause so that relief could not be granted by it under other provisions of law, such as that relating to the granting of new trials. If there had been error in the holding of the trial court in the denial of the motion, however, the remedy of appellant was to appeal from the ruling on the motion, not to seek habeas corpus.

■ In the second place, it is perfectly clear that habeas corpus does not lie to correct mere errors of law in a trial or to try such questions as the sufficiency of the evidence to sustain a conviction or the refusal to instruct the jury as to the applicable law. McNamara v. Henkel, 226 U. S. 520, 33 S.Ct. 146, 57 L.Ed. 330; Howell v. United States, 4 Cir., 172 F.2d 213, 215; Bernard v. Brady, 4 Cir., 164 F.2d 881.

■■ As pointed out in the Christoffel case, the decision in that case did not conflict with what had been decided in the Meyers case; but, even if there had been a conflict, it is well settled that this would have given to appellant no right to release under habeas corpus or to again review the questions raised in his trial by resorting to that writ. Sunal v. Large, 332 U.S. 174, 175, 67 S.Ct. 1588, 91 L.Ed. 1982; Warring v. Colpoys, 74 App.D.C., 303, 122 F.2d 642, 647, 136 A.L.R. 1025. As said by Chief Justice Vinson, then a Justice of the United States Court of Appeals of the District of Columbia, in the case last cited: "We believe that appellant is not entitled to discharge upon the habeas corpus writ. The District Court had the power to sentence him in a criminal contempt proceeding in 1939. The Nye case [Nye v. U. S., 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172] of 1941 should not be applied so as to sweep away that power as of 1939. This collateral attack, then, is unavailing. We reject the idea that if a court was considered to have the power in 1939 to do a certain thing under existing statutory construction, and in 1941 that construction is changed so that it no longer has the power to do that thing, it should be concluded that it never had the power in 1939."

For the reasons stated the order dismissing the writ will be

Affirmed.