## MEYERS v. UNITED STATES.

### MEYERS v. CLEMMER.

### Nos. 10367, 10468.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1950.

Decided April 10, 1950.

Writ of Certiorari Denied June 5, 1950.

See 70 S.Ct. 1030.

---◆---

Mr. Stanley Suydam, Washington, D. C., with whom Messrs. Robert T. Bushnell and John O. Dahlgren, Washington, D. C., were on the brief, for appellant in No. 10367.

Mr. Stanley Suydam, Washington, D. C., with whom Mr. John O. Dahlgren, Washington, D. C., was on the brief, for appellant in No. 10468.

Mr. Ross O'Donoghue, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellees.

Before WILBUR K. MILLER, PRETTYMAN and PROCTOR Circuit Judges.

PROCTOR, Circuit Judge.

Appellant Meyers was convicted by jury verdict in the United States District Court for the District of Columbia for suborning perjury before a Senate Committee in violation of 22 D.C.Code (1940) § 2501, and sentenced to a term of imprisonment. This court affirmed the conviction, 1948, 84 U.S. App.D.C. 101, 171 F.2d 800. The Supreme Court denied certiorari, 1949, 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076.

Later, the case of Christoffel v. United States, 1949, 338 U.S. 84, 69 S.Ct. 1447, 1450, 93 L.Ed. 1826, involving a conviction for perjury before a Congressional committee, was decided by the Supreme Court. It was held that the trial court erred in dealing with the statutory element of a "competent tribunal" by allowing the jury to find that there was a quorum of the House Committee, at the time the alleged false testimony was given, from the mere fact that a quorum was present when the committee convened "two or three hours before the defendant offered his testimony,

in the face of evidence indicating the contrary, * * *."

■ Thereupon Meyers filed a motion in the United States District Court for the District of Columbia under Title 28, Section 2255, U.S.Code Annotated, to vacate the judgment of conviction and sentence, upon the ground that at his trial he was denied benefit of the rule declared in the Christoffel case. The motion was denied. Judge Holtzoff held [1949, 84 F.Supp. 766] the courts' jurisdiction under Section 2255 to be co-extensive with their jurisdiction in passing upon an application for a writ of habeas corpus; that as errors committed during a trial may not be reviewed by habeas corpus, unless involving jurisdiction of the court or deprivation of Constitutional rights amounting to a denial of the essence of a fair trial, so a collateral attack may not be made by way of Section 2255 upon a judgment for mere errors of law committed in the course of a trial. Reference is made to Chief Judge Parker's opinion in Howell v. United States, 4 Cir., 1949, 172 F.2d 213, certiorari denied, 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718, followed in Birtch v. United States, 4 Cir., 1949, 173 F.2d 316, certiorari denied, 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747. See also Taylor v. United States, 4 Cir., 1949, 177 F.2d 194.

■■ After the foregoing proceedings on the motion to vacate, Meyers applied for a writ of habeas corpus to the United States District Court for the Eastern District of Virginia, where he was then imprisoned. His application was based on grounds similar to those in the aforementioned motion in the District of Columbia. The application was denied. The United States Court of Appeals for the Fourth Circuit affirmed, Meyers v. Welch, 1949, 179 F.2d 707, 708. Speaking for the court, Chief Judge Parker said:

"We think that the application was properly denied. In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has been denied does not give

the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus.

\* \* \* \* \* \*

"In the second place, it is perfectly clear that habeas corpus does not lie to correct mere errors of law in a trial or to try such questions as the sufficiency of the evidence to sustain a conviction or the refusal to instruct the jury as to the applicable law. McNamara v. Henkel, 226 U.S. 520, 33 S.Ct. 146, 57 L.Ed. 330; Howell v. United States, 4 Cir., 172 F.2d 213, 215; Bernard v. Brady, 4 Cir., 164 F.2d 881."

Further the court pointed out that the decision in the Christoffel case did not conflict with the decision in the Meyers case; but even if there had been conflict there would be no right to release by habeas corpus or to again review the questions raised in his trial by resorting to that writ, citing Sunal v. Large, 1947, 332 U.S. 174, 67 S. Ct. 1588, 91 L.Ed. 1982, and Warring v. Colpoys, 1941, 74 App.D.C. 303, 122 F.2d 642, 647.

Finally, while in custody in the District of Columbia, Meyers petitioned the United States District Court there for a writ of habeas corpus, again urging the same grounds. The petition was dismissed because it did not appear that the remedy by motion under Section 2255 was "inadequate or ineffective to test the legality" of Meyers' imprisonment. This proceeding and that involving the motion to vacate the judgment are now before this court on these appeals, which have been heard together.

We approve the action of the District Court in both cases. The opinions of that court and of the Fourth Circuit Court of Appeals, supra, fully cover the points at issue. We, therefore, omit any extended discussion and adopt the views stated in those opinions. We add the following observations.

■■■ In sustaining the conviction of Meyers this court held that on October 6th, 1947, when Lamarre, the suborned witness, testified a second time only two senators were present, and "Since they were a minority of the subcommittee, they could not legally function except to adjourn." 84 U.S.App.D.C. at page 112, 171 F.2d at page 811. For that reason we ruled the testimony of Lamarre given at that time could not be considered as perjurious, nor could Meyers be convicted of suborning it. But we pointed out these significant facts: practically all Lamarre's testimony was given on *October 4th*, when a quorum was present; the proceedings of that day contained the perjurious statements described in all counts of the indictment; the examination of Lamarre on October 6th was largely repetitious. 84 U.S.App.D.C. at page 113, 171 F.2d at page 812. It should also be noted that *the presence of three senators at the subcommittee hearing on October 4th, when Lamarre first testified, was undisputed.* In the argument before us on the first appeal it was tacitly admitted. *The contention was not as to the number of senators present when Lamarre testified October 4th, but as to the validity of their appointment as members of the sub-committee.* See page 34, et seq., of appellant's brief in above appeal, No. 9797. It seems to be confirmed in Meyers' motion to vacate the judgment. (Appellant's Appendix in appeal No. 10367, pp. 403, 406.) There, in paragraph 25, the unqualified assertion is made that "The alleged false statements made by Bleriot H. Lamarre on October 4, 1947, were made before Senators Ferguson, Cain and McGrath, sitting as a subcommittee of the special committee." These were the same senators whose appointment to the committee was attacked. As we pointed out in our opinion, 84 U.S. App.D.C. at page 112, 171 F.2d at page 811, it was the *legal question* as to the qualification of these senators as members of the subcommittee, rather than the *fact* of their presence on October 4 when Lamarre testified, which formed the basis of Meyers' contention on his appeal from the conviction. That question, we think, is quite different from the one presented to the Supreme Court in the Christoffel case, which centered upon a *factual question* as to the

physical presence of enough committee members to form a quorum when the alleged perjurious testimony of Christoffel was given.

If we assume, arguendo, that the court erred in the Meyers trial in holding that the three senators (admittedly present) were qualified, at most it was a mere error of law not subject to attack by habeas corpus or motion under Section 2255.

The judgments in the proceeding under Section 2255, No. 10367, and in habeas corpus, No. 10468, are severally

Affirmed.