**BOZELL v. WELCH.**

No. 6548.

United States Court of Appeals
Fourth Circuit.

Argued March 16, 1953.

Decided April 1, 1953.

Rehearing Denied April 15, 1953.

E. Haydon Bozell, pro se.

Harris Grimsley, Sp. Asst. to U. S. Atty., Richmond, Va. (A. Carter Whitehead, U. S. Atty., Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying application for a writ of habeas corpus. Petitioner was convicted in the United States District Court for the District of Columbia of fraudulent use of the mails and was sentenced to a term of imprisonment in the District of Columbia Reformatory at Lorton, Virginia. The judgment was affirmed on appeal. Bozell v. United States, 85 U.S.App.D.C. 420, 174 F.2d 672, certiorari denied 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358 rehearing denied 341 U.S. 957, 71 S.Ct. 1003, 95 L.Ed. 1377. The court below was without power to issue the writ of habeas corpus since petitioner has not complied with the provisions of 28 U.S.C. § 2255. Meyers v. Welch, 4 Cir., 179 F.2d 707, 708; Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802; Bozell v. United States, 4 Cir., 199 F.2d 449, decided October 8, 1952. Furthermore, it is elementary that habeas corpus may not be used in lieu of an appeal for the purpose of correcting errors alleged to have been committed in the course of the trial.

Affirmed.

On Petition for Rehearing.

A petition for rehearing complains of the holding that the court below was without power to issue the writ of habeas corpus since petitioner had not complied with the provisions of 28 U.S.C. § 2255 and points to the fact alleged in the petition that application to vacate sentence had been made under that section. It does not appear, however, that appeal was prosecuted from denial of the application or that the remedy by motion was "inadequate or ineffective to test the legality of his detention". As we said in Meyers v. Welch, 4 Cir., 179 F.2d 707, 708: "We think that the application was properly denied. In the first place, the prisoner has no right to relief by habeas corpus where there exists the right to relief under 28 U.S.C.A. § 2255; and the fact that the motion has been denied does not give the right to resort to habeas corpus, even if the movant is entitled to relief, since the remedy in such case is by appeal. Only where the remedy by motion with appeal therefrom is inadequate or ineffective to test the legality of the detention may there be resort to habeas corpus."

An additional reason for affirming the denial of the writ is that habeas corpus may not be used in lieu of an appeal for the purpose of correcting errors alleged to have been committed in the course of the trial.

Rehearing denied.