**William RICE, Appellant,**

v.

**Donald CLEMMER and Paul F. Pegelow, Appellees.**

**No. 7368.**

United States Court of Appeals Fourth Circuit.

Argued March 11, 1957.

Decided April 1, 1957.

See also 242 F.2d 872.

William Rice, pro se, on brief.

A. Andrew Giangreco, Asst. U. S. Atty., Arlington, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

■■ This is an appeal from an order dismissing a petition for a writ of habeas corpus. Appellant was convicted of grand larceny in the District of Columbia and was sentenced to a term of imprisonment which he is now serving in the District of Columbia Department of Corrections Reformatory at Lorton, Virginia. He contends that he was improperly convicted because he had been improperly removed from another jurisdiction for trial, because his trial had been unduly delayed and because improper testimony had been received against him. Prior to filing the application for the writ of habeas corpus, he had filed motion under 28 U.S.C. § 2255 to vacate his sentence and this motion had been denied.[1] Upon this denial of relief by the sentencing court, the court below was without jurisdiction to entertain the petition for habeas corpus, unless it appeared that the remedy by motion in the sentencing court under 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention". There was no allegation in the petition from which it could be inferred that the remedy was in-

[1]. Appellant alleges and the court below found that motion under 28 U.S.C. § 2255 had been made. The U. S. Attorney states in his brief that the remedy under that statute has not been exhausted. In either case, the court below was without jurisdiction to issue the writ of habeas corpus. The statement in the brief of the U. S. Attorney is as follows:

"On October 9, 1953, appellant was sentenced to three to nine years imprisonment. Appellant on October 9, 1953 filed a motion to vacate judgment and enter judgment of acquittal, or for a new trial, this was denied by Judge McGuire. Subsequently the appellant filed a motion of abandonment and requested the District Court for permission to prosecute an appeal without payment of cost. This was denied by the trial Judge on February 15, 1954, with the inscription 'absolutely no merit in the application.' On June 18, 1954 the appellant filed a petition for leave to prosecute appeal in forma pauperis and affidavits in support thereof in the United States Court of Appeals for the District of Columbia Circuit. The Court of Appeals before the Honorable Judges Edgerton, Fahy and Washington ordered on September 7, 1954 that upon consideration of the petition for leave to prosecute appeal in forma pauperis, and the respondent's opposition filed thereto, and of the memorandum filed by counsel appointed by that Court, the aforesaid petition be and the same was therewith, denied. 'Per Curiam,' appellant appealed to the Supreme Court of the United States of America, no date has been set for a hearing by that Court."

**872**

adequate or ineffective for this purpose. The fact that decision was rendered against him on the motion means merely that he failed to convince the court that he was entitled to prevail, not that the motion was "inadequate or ineffective to test the legality of his detention". The legality of the detention was tested by the motion and was found proper. There is nothing to indicate that the motion did not provide an adequate test. The petition for habeas corpus was properly dismissed. Meyers v. Welch, 4 Cir., 179 F.2d 707, 708; Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802; Bozell v. Welch, 4 Cir., 203 F.2d 711.

Affirmed.