**King S. GAYLORD, Appellant,**

v.

**Donald CLEMMER, Paul F. Pegelow, Appellees.**

No. 7386.

United States Court of Appeals Fourth Circuit.

Argued March 13, 1957.

Decided April 1, 1957.

King S. Gaylord, pro se, on brief.

Henry St. J. FitzGerald, Asst. U. S. Atty., Arlington, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. Appellant was convicted of crime in the District of Columbia and was sentenced to a term of imprisonment which he is presently serving in the Reformatory at Lorton, Virginia. He complains of errors on the trial of the case and alleges that he has made motion under 28 U.S.C. § 2255 to vacate sentence in the sentencing court and that this motion has been denied. It is well settled that errors of the sort of which appellant complains can be corrected only by appeal and that the writ of habeas corpus may not be used in lieu of appeal. Apart from this, it is equally well settled that habeas corpus may not be availed of by a prisoner where motion under 28 U.S.C. § 2255 has been denied, unless it appears that such motion "is inadequate or ineffective to test the legality of his detention"; and nothing

of the sort appears here. As pointed out in Rice v. Clemmer, 242 F.2d 870, "The fact that decision was rendered against him on the motion means merely that he failed to convince the court that he was entitled to prevail, not that the motion was 'inadequate or ineffective to test the legality of his detention'. The legality of the detention was tested by the motion and was found proper. There is nothing to indicate that the motion did not provide an adequate test." The petition for habeas corpus was properly denied. Meyers v. Welch, 4 Cir., 179 F. 2d 707, 708; Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802; Bozell v. Welch, 4 Cir., 203 F.2d 711.

Affirmed.