Isadore SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15908.

United States Court of Appeals Ninth Circuit.

March 10, 1959.

Isadore Smith, Springfield, Mo., in pro. per.

Laughlin E. Waters, U. S. Atty., Peter J. Hughes, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is another of the appeals from a refusal by a trial court to set aside a verdict of guilty upon a motion to set aside and vacate the sentence under 28 U.S. C.A. § 2255. The only substantial ground is the claim that Smith was insane at the time of arraignment, trial and sentence. A reading of the record in the case indicates that Smith was properly convicted on three counts upon overwhelming evidence of the illegal importation of marijuana, without having registered and paid the tax required by law, and concealment thereof. Smith pleaded not guilty to each of these counts, and the jury found him guilty on each one. An appeal to this Court on the merits was dismissed. Thereupon, this motion was filed.

The question of his supposed disability was not raised at the time of arraignment or trial. In connection with the sentence, counsel for Smith mentioned the medical history of the latter, but advised the trial court that Smith was sane. Affidavits were filed in support of the issuance of subpoenas on behalf of Smith as an indigent defendant. One of these indicates that a doctor from the Veterans Administration was desired as a witness for the defense. But it was there indicated that this witness

was sought by Smith only to establish the physical incapacity of the latter to participate in the offense and not his mental incapacity. There was likewise filed upon a motion for reduction of sentence an affidavit by the wife of Smith, in which it was alleged that she did not think he had a "real incapacity to understand the criminal nature of his acts."

When Smith first made his motion in the trial court, he urged as one of the bases therefor his past history with the Veterans Administration. This showed that he had been discharged from the naval service in 1945 on the ground that he was fifty per cent disabled because of a mental condition. It was shown that he had been under the care of a Veterans Administration psychiatrist. It was also indicated that he was at one time found one hundred per cent disabled and at the time of trial was considered by the Veterans Administration to be eighty per cent mentally disabled. It is also claimed in the brief that some of the diagnoses indicate that he suffered from schizophrenia or dementia praecox. It further appears that Smith was transferred to a federal hospital at Springfield, Missouri, after his sentence and confinement at a federal penitentiary at McNeil Island, Washington.

In this case, Smith not only was present at the trial and thus was subject to observation, but he testified. Even upon the cold record, his examination under oath demonstrated that Smith was oriented as to time and place, that he thoroughly understood the questions put to him and was able to give clear and intelligent answers. The element of his examination pertinent as to his ability to cooperate in his own defense is the nature of the account which he gave of the transactions. He concocted a cohesive narrative of events which was not only consistent with the testimony of the witnesses for the government, but also, by its fictional elements, completely exculpated Smith. His admission of guilt subsequent to the rejection of the story by the jury exposed its falsity.

It is unfortunate that this defendant rejected a lawyer on this appeal. It is most difficult to explain to one who claims not to be able to understand the proceedings against him in the trial court the difference between forms of insanity and the ability to comprehend and cooperate at trial. Smith has signed his name to two briefs which are better and more clever than most briefs received in this Court from litigants in pro. per.

Smith did not raise the lack of understanding at the trial. His failure in this regard seems based not upon lack of understanding, but upon complete comprehension of the value of this threat to the judgment if he were sentenced. The able judge, Hon. James M. Carter, who presided at this trial and who sentenced Smith, in permitting appeal from the present motion offered to appoint counsel for Smith thereon. Smith chose to represent himself.

██ It is axiomatic in modern procedure that one who continues incapacitated by lack of understanding must never be tried or convicted of crime. A trial or judgment of conviction of such a person is without jurisdiction because of lack of due process. But the existence of some form of insanity by medical tests is not sufficient. There must exist at the time of trial a lack of understanding which prevents defendant from appreciating the nature of the proceedings and renders him unable to aid properly in his own defense. It is obvious enough that many persons are acquitted by reason of insanity or emotional forces, which compel them to commit an act otherwise punishable, as a result of a fair and impartial trial at which they have assisted in their own defense.

Here defendant Smith did not urge insanity as a defense to the crime. Inasmuch as he was convicted of offenses relating to narcotics, the reason for this is not far removed. It strikes the casual observer that trafficking in marijuana is hardly the occupation that most insane persons are impelled to engage in by virtue of their disability. Of course, it might be possible in an isolated instance.

If Smith wrote the briefs submitted here, he has certainly demonstrated his capacity at the present time to understand and take part in legal proceedings on his own account. If he did not write these, he is astute enough to appear in proper person on appeal while he is ably advised by some other person.

Notwithstanding all these circumstances which are recited to call attention to the fact that lack of mental capacity may be raised after conviction by every defendant tried by jury in a federal court, we are compelled to reverse. We believe a gate has been opened to an evil the limits of which can scarcely be comprehended. But the authorities are plain.

■ The trial judge wrote an opinion in which he held that, since the matter was not raised at trial, defendant is precluded from relying upon a claimed lack of capacity at that time. This opinion was clearly insufficient under the holding of this Court in Smith v. United States, 9 Cir., 259 F.2d 125, wherein it was said that a hearing was necessary, in the following language:

"As for the right of the appellant to have a hearing upon the question of his sanity at the time of the trial, the whole matter is settled by the decision in Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L. Ed. 835, vacating 96 U.S.App.D.C. 117, 223 F.2d 582.

"  *    *    *    *    *    *

"Accordingly, upon the appeal from the denial of the application or motion of March 15, 1957, the order denying that petition is reversed and the cause is remanded with directions to provide a hearing upon the allegations of that application." 259 F.2d at page 127.

The trial judge indicated that, if Smith were applying under 18 U.S.C.A. § 4245, it would be necessary for the administrative procedure to be followed before application to the court. But the opinions noted above make no such exceptions.

Reversed.