Isadore SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17781.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1962.

Isadore Smith, United States Medical Center, Springfield, Mo., in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., and Elmer Enstrom, Jr., San Diego, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

■ Appellant first brings on a motion that this action "be certified to the Supreme Court for its consideration of the Constitutional Issue." We know of no authority authorizing us to require the Supreme Court to do anything. No authority for such procedure is cited in the motion. It is denied.

This is an appeal from an order of the court below, entered January 22, 1960, denying appellant relief under a § 2255 motion. The district court found appellant was mentally competent at the time of his previous conviction by a jury of the importation and concealment of marijuana in two counts. Appellant was sentenced to two consecutive five year terms on July 26, 1956.

Appellant's original motion to vacate sentence on the ground of his mental incapacity at the time of trial was denied without a hearing on October 25, 1957. This court reversed for a hearing. Smith v. United States, 9 Cir., 267 F.2d

210. There was then a hearing with Smith and two appointed counsel present, and two court appointed psychiatrists testified. The district court denied the motion on January 25, 1960. The court found that Smith was mentally ill at the time of his previous trial, but not sufficiently ill mentally to prevent him from understanding the nature of the charges on which he was tried, or to cooperate with counsel in defense thereof.

Smith was certified of unsound mind at McNeil Island on April 4, 1957, and transferred to Springfield Medical Center. Under Title 18, United States Code § 4241, he was to be held until restored to sanity or until his full term had expired.

Smith filed an appeal from the court's findings on March 24, 1960. His request for a rehearing was denied because of his pending appeal. Leave to appeal in forma pauperis was denied in the district court on October 21, 1960, as frivolous. Petitions to this court, the first unintelligible, were denied on December 30, 1960, February 9, 1961, and March 3, 1961. Smith then applied for certiorari before the Supreme Court. This was denied on October 9, 1961. However, the Attorney General of the United States, in his brief opposing certiorari, stated that because this court's order of December 30, 1960 denied Smith's motion without prejudice, there was no final determination which would call for a review by the Supreme Court.

Appellant then filed with this court a document entitled "On Application for Alternative Writ of Rule Nisi." We described it, and acted upon it as appears in the margin.[1]

---

[1]. "Petitioner, in propria persona, has filed another in a long series of petitions for various types of relief. This one is entitled. 'On Application for Alternative Writ of Rule Nisi.'

"It seeks to determine if petitioner can now appeal from an order of the district court, entered January 22, 1960, finding petitioner mentally competent to understand the proceedings against him at his previous trial, and to properly assist in his own defense at that time.

"Petitioner attempted to appeal from that decision, alleging 'it was contrary to the weight of the evidence,' by filing a notice of appeal on March 24, 1960. This was not a timely notice of appeal. Fed.R.Civ.P. 73. We previously so held.

"However, when relief was sought by petitioner before the Supreme Court of the United States, the brief filed by the United States opposing the petition for certiorari [368 U.S. 851, 82 S.Ct. 85, 7 L.Ed.2d 49] (cert. denied October 9,.

Appellant recognizes [2] that the sole issue on appeal is whether there was substantial evidence before the district court to support the district court's finding that at the time of the prior criminal proceeding against the appellant, in which he was convicted, he was mentally competent to understand the proceedings against him and to properly assist in his own defense.

We turn to that issue. We have read the transcript of testimony filed and docketed with this court on July 2, 1962. It consists of proceedings had in the district court on October 9th; November 5th, 19th and 20th; and December 3rd, 1959, in the United States District Court for the Southern District of California, Southern Division, No. 2250–SD–C. It covers 248 pages of testimony.

The court first made a determination based on competent recent medical opinion that at the time the hearing was had before it, the appellant Smith was then mentally competent to participate in the hearing and to cooperate with his counsel. The court then appointed two competent counsel to represent Smith. The trial judge then required the submission to him, not of opinion letters from the doctors who had treated Smith during his federal incarceration, but the complete medical files from both McNeil Island and Springfield. The appellant was given a choice as to which of the two government psychiatrists who had examined him should attend the entire hearing as an observer, later to testify as to his observations and conclusions with respect to appellant's sanity during the hearing. Appellant chose Dr. Robuck, who so observed, and testified. The court received in evidence sixteen exhibits, including the entire transcript of the proceedings on the original trial (Ex. 15). He subpoenaed and heard from the prosecutor at the first trial, and from counsel for Smith at that trial (Smith waived his privilege). The records relating to medical attention given to appellant while he was in the San Diego County Jail were introduced and interpreted. Appellant's entire record while being treated by the Veterans' Administration was introduced (Ex. 12), covering the period from 1948 to trial date.

1961), contained the following language, after reference to the futile appeal:

> " 'Conceivably, however, there may be circumstances of "excusable neglect" as provided for under the rule and which would render the March 24 notice timely.'

"Without knowledge as to what weight, if any, the Supreme Court placed on such representation, made to it by the Solicitor General, in denying *certiorari*, and because there exists an order below denying a rehearing of the motion decided by the order of January 22, 1960, upon the ground the matter was on appeal by reason of the March 24, 1960, notice, we make the following orders:

"(1) This court finds 'excusable neglect' existed, which permits this court to consider the March 24, 1960 notice of appeal as having been timely filed.

"(2) Petitioner is permitted to proceed on his appeal in forma pauperis by filing as the record on appeal a transcript of all evidence received in the court below at the hearing resulting in the January 22, 1960 order.

"(3) The sole issue on appeal will be whether there was substantial evidence before the court to support the trial court's findings that at the time of the prior criminal proceedings against the petitioner, by which he was convicted, he was mentally competent to understand the proceedings against him and to properly assist in his own defense.

"(4) The transcript so to be filed shall be prepared at government expense.*

"(5) Petitioner may file within twenty days (or within such additional reasonable time as he may request and be granted) after delivery to him of said transcript, a brief on his own behalf—limited to the sole issue then before this court.

"(6) In view of the foregoing orders, petitioner's 'Application for Alternative Writ of Rule Nisi' is denied.

---

\* "That is, to be paid by the Administrative Office of the United States Courts. The reporter will prepare an original and two copies of the transcript."

**2.** In the "Introduction to the Appellant Brief on Appeal" (p. A).

We are satisfied that appellant had a fair, honest, complete and thorough hearing on his contentions, and that the trial court's conclusion is supported by substantial evidence.

We therefore affirm.