**Isadore SMITH, Petitioner,**

v.

**Dr. R. O. SETTLE, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 14272-4.**

United States District Court
W. D. Missouri, W. D.

March 1, 1963.

Isadore Smith, petitioner, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is a petition for writ of *habeas corpus* and an application to proceed *in forma pauperis* in the prosecution thereof submitted by Isadore Smith, a federal prisoner presently incarcerated at the United States Medical Center for Federal Prisoners at Springfield, Missouri. The petitioner seeks to set aside a judgment and conviction for violation of Title 18 U.S.C.A. § 545 (smuggling goods into the United States), and Title 26 U.S.C.A. § 4755 (unlawful acts in case of failure to register and pay special tax) entered July 12, 1956, by the United States District Court for the Southern District of California. As a basis for his petition, petitioner alleges that he was "mentally incapacitated to an undetermined degree when arrested, arraigned, tried, sentenced, and during the intervening period which embraced his commitment to a federal penitentiary." Petitioner further alleges that the *"jurisdictional trial court* and *jurisdictional circuit court of appeals* has arbitrarily disregarded the prescribed relief provided under 28 U.S.C.A., 2255." (Emphasis in original).

Upon a full review of the record and the allegations of the petition, this Court finds that it has no jurisdiction to enter-

tain this petition for writ of *habeas corpus* at this time.

Section 2255 of Title 28 U.S.C.A. provides that

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The section also provides that

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The record in this cause discloses that petitioner originally filed in the United States District Court for the Southern District of California in October, 1957, a motion to vacate sentence on the ground of his mental incapacity at the time of trial. This motion was denied without a hearing on October 25, 1957. This order was reversed by order of the United States Court of Appeals for the Ninth Circuit in Smith v. United States, 267 F.2d 210, and the cause remanded for a hearing on the motion. On remand the petitioner was granted a full hearing with two court appointed counsel present. Two court appointed psychiatrists testified. The District Court denied the motion on January 25, 1960, finding that Smith was mentally ill at the time of his previous trial, but not sufficiently ill

mentally to prevent him from understanding the nature of the charges on which he was tried, or to cooperate with counsel in defense thereof. On March 24, 1960, the petitioner filed an appeal from the District Court's finding which was first held to be untimely but later heard on the merits. Then petitioner requested a rehearing in the District Court. This request was denied because of his pending appeal. Leave to appeal *in forma pauperis* was denied as frivolous in the District Court on October 21, 1960. Petitions to the United States Court of Appeals for the Ninth Circuit were denied on December 30, 1960, February 9, 1961, and March 3, 1961. The petitioner then applied to the Supreme Court of the United States for *certiorari* to the Court of Appeals for the Ninth Circuit to review the denial of his petitions. This petition for *certiorari* was denied on October 9, 1961. Smith v. United States, 368 U.S. 851, 82 S.Ct. 85, 7 L.Ed.2d 49.

On February 28, 1962, the United States Court of Appeals for the Ninth Circuit found that excusable neglect existed which permitted the Court to hear the appeal of March 24, 1960, as if timely filed. Upon full review of the record the Court of Appeals affirmed the action of the District Court in denying petitioner's motion to vacate his sentence under Title 28 U.S.C.A. § 2255. Smith v. United States (C.A. 9) 313 F.2d 663.

■ There is no averment in this petition for a writ of *habeas corpus* that the petitioner has exhausted his remedy under section 2255 by petition for *certiorari* to the Supreme Court of the United States to review the decision of the Court of Appeals dated December 14, 1962, which is his appropriate remedy to review that decision and which is a necessary prerequisite to establish this Court's jurisdiction to entertain a petition for writ of *habeas corpus* in the absence of unusual circumstances not present in this case. Weber v. Steele (C.A. 8) 185 F.2d 799, l.c. 800.

■■ This Court cannot review the judgments of the United States Circuit

Court of Appeals for the Ninth Circuit. On this record it would be virtually impossible to show that the remedy by the motion under section 2255 was inadequate and ineffective. Section 2255 prohibits entertainment of an application for writ of *habeas corpus* by this Court where the petitioner has had an adequate and effective hearing in the sentencing Court and a full review on appeal. Rice v. Clemmer (C.A. 4) 242 F.2d 870, cert. denied, 354 U.S. 924, 77 S.Ct. 1385, 1 L.Ed.2d 1438; Story v. Hunter (C.A. 10) 193 F.2d 874; Hallowell v. Hunter (C.A. 10) 186 F.2d 873.

Therefore, having no authority or inclination to review the judgments of the District Court and the Court of Appeals in this case, it is

ORDERED that the petitioner be, and he is hereby, granted leave to file his petition for writ of *habeas corpus in forma pauperis,* and further

ORDERED that the said petition for writ of *habeas corpus* be, and the same is hereby, denied.