Charles Joseph **DAVIS, III**, Petitioner,

v.

**UNITED STATES of America and Robert H. Cowen**, Respondents.

Civ. A. No. 1136.

United States District Court
E. D. North Carolina,
Wilmington Division.

Aug. 12, 1966.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for respondents.

OPINION and JUDGMENT

DALTON, District Judge.

This cause comes before the court on a motion for habeas corpus, pursuant to 28 U.S.C. § 2242, filed by a federal prisoner.

The petitioner, Charles Joseph Davis, III, was tried in the Eastern District of North Carolina on three indictments charging him with interstate transportation of falsely made and forged securities, in violation of the provisions of 18

U.S.C. § 2314. In case number 6854, Wilmington Division, the petitioner was charged in a two count indictment with transporting falsely made securities in interstate commerce. The Grand Jury returned a true bill in this case on February 11, 1964. In case number 6887, Wilmington Division, the petitioner was charged in a three count indictment with transporting falsely made securities in interstate commerce. This case was transferred to the Eastern District of North Carolina from the District of Connecticut pursuant to Rule 20 of the Federal Rules of Criminal Procedure. In case number 6888, Wilmington Division, the petitioner was charged in a three count indictment with transporting falsely made securities in interstate commerce This case was transferred to the Eastern District of North Carolina from the Western District of Virginia pursuant to the provisions of Federal Rule 20.

All three cases were set for trial on September 28, 1964, in New Bern, North Carolina. The petitioner appeared in court without counsel and asked that counsel be assigned by the court to represent him. The court granted this request and assigned Mr. John D. Warlick, Jr., a member of the Onslow County Bar, to represent the petitioner. Mr. Warlick was given an opportunity to interview the petitioner and then all three cases were called for arraignment. In case number 6854 the petitioner entered a plea of guilty to both counts of the indictment. In cases numbers 6887 and 6888 the arraignments were postponed until the October 19th term of court in Washington, North Carolina. The court also postponed judgment in case number 6854 until the October 19th term of court.

On October 19, 1964, in Washington, North Carolina, the petitioner again appeared in court represented by Mr. Warlick. At that time the petitioner entered a plea of guilty to the three counts of the indictment in case number 6887. He also entered a plea of guilty to all three counts of the indictment in case number 6888. On the same date, October 19, 1964, the court sentenced the petitioner to a term of imprisonment of two years in each case, the sentences to run consecutively. He received, therefore, a total of six years.

As has been pointed out by several courts, the filing of a motion under 28 U.S.C. § 2255 has become an automatic and continuous prisoner practice. See: Nelms v. United States, 318 F.2d 150 (4th Cir. 1963); Hayes v. United States, 305 F.2d 540 (8th Cir. 1962). However, Mr. Davis has exhibited considerably more tenacity than the usual prisoner, and the number of writs, petitions, motions, and letters which he has authored truly staggers the imagination. His file is voluminous, the redundancy of its motions and petitions being spiced at intervals by letters to various judges. The court regrets that it cannot completely recap Mr. Davis' endeavors with respect to his present incarceration. It will, however, point out some of the more significant landmarks. A number of petitions have been filed under 28 U.S.C. § 2255. The original petition was denied by an opinion and order entered on July 14, 1965. His second petition was filed on September 24, 1965, and a third was filed on October 12, 1965. The latter two petitions were denied by an opinion and order entered on October 15, 1965. An additional petition was filed on October 20, 1965 and on October 29, 1965, the petitioner filed an application for a writ of habeas corpus. The latter two petitions were denied by an order entered on October 29, 1965. The petition presently before the court was filed on February 7, 1966. Instead of bringing this action under 28 U.S.C. § 2255, Mr. Davis relies on 28 U.S.C. § 2242, commonly referred to as the Habeas Corpus Statute. In addition, on April 28, 1966, he filed a motion in which he alleged that he was mentally incapable of answering the criminal charges for which he was imprisoned as a result of his conviction in the three separate cases abovementioned.

In all of the motions petitioner alleges virtually the same thing. In fact, the order of the court entered October 29, 1965 notes that Mr. Davis has failed to

allege new facts upon which the court could grant relief. In this opinion the court will direct itself to the last two motions mentioned above.

The last paragraph of 28 U.S.C. § 2255 bears on the motion under § 2242. It reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

■ Therefore, unless this portion of section 2255 is complied with, the court not only should not grant relief, but is without jurisdiction to entertain the motion. The federal appellate courts have been very consistent in their interpretation of the above quoted paragraph.

> * * * It is well settled that errors of the sort of which appellant complains can be corrected only by appeal and that the writ of habeas corpus may not be used in lieu of appeal. Apart from this, it is equally well settled that habeas corpus may not be availed of by a prisoner where a motion under 28 U.S.C. § 2255 has been denied, unless it appears that such motion "is inadequate or ineffective to test the legality of his detention"; and nothing of the sort appears here. Gaylord v. Clemmer, 242 F.2d 872, 873 (4th Cir. 1957).

In Rice v. Clemmer, 242 F.2d 870 (4th Cir. 1957), cited in the Gaylord case, supra, the Court of Appeals for the Fourth Circuit pointed out that:

> "The fact that decision was rendered against him on the motion means merely that he failed to convince the court that he was entitled to prevail, not that the motion was "inadequate or ineffective to test the legality of his detention." The legality of the detention was tested by the motion and was found proper. There is nothing to indicate that the motion did not provide an adequate test. 242 F.2d at 872.

The Fourth Circuit has consistently followed the reasoning of these two cases. See, for example: Morris v. United States, 254 F.2d 812 (4th Cir. 1958), cert. denied 357 U.S. 929, 78 S.Ct. 1378, 2 L.Ed.2d 1374 (1956); Hall v. United States, 248 F.2d 942 (4th Cir. 1957); Lampe v. Clemmer, 251 F.2d 465 (4th Cir. 1958); Bozell v. Welch, 203 F.2d 711 (4th Cir. 1953). The *Rice* and *Gaylord* cases are directly in point here. All of the allegations contained in the present petition have been previously considered by the court in Mr. Davis' numerous other efforts. He has not alleged or shown in any respect how his remedy under section 2255 is inadequate or ineffective to test the legality of his detention because, in fact, no such showing can be made. As pointed out in Gaylord v. Clemmer, supra, section 2242 cannot be used in lieu of appeal.

■ It is the court's feeling that the present petition is frivolous and that the court is without jurisdiction to entertain it, a result which is obvious from the decisions of the Court of Appeals for the Fourth Circuit.

The next question concerns whether petitioner has alleged sufficient facts to warrant granting him a hearing on the matter of mental incapacity. The many motions previously filed by the petitioner did not allege or mention the subject of mental incapacity at the time of petitioner's trial. This matter was first alleged in the motion filed on April 28, 1966.

The substance of petitioner's allegations is that he has a previous history of mental instability. This he alleges in paragraph two of his motion:

> Petitioner has a previous history of examination relative to behavior, and such date, opinions, etc., should be examined for competency of petitioner relative to actions committed.

This is the only allegation contained in the motion concerning the petitioner's mental incapacity. It should be noted at this point that Mr. Davis has not attached as exhibits any affidavit, medical records, or other evidence which would tend to substantiate his claim.

The Court of Appeals for the Fourth Circuit has recently decided two cases dealing with the subject presently before the court. The first was Fisher v. United States, 317 F.2d 352 (4th Cir. 1963), wherein petitioner described in detail a history of mental disorder. The district court had been of the opinion that the issue of mental capacity could not be raised under 28 U.S.C. § 2255 and so had dismissed the petition. This was in accord with the Fourth Circuit case of Cason v. United States, 220 F.2d 510 (4th Cir. 1955), which had held that such an issue must be raised under 18 U.S.C. § 4245. Since Cason, however, the Supreme Court of the United States had decided Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), which, in effect, overruled Cason and permitted mental incapacity to be raised under section 2255. For this reason, the Court of Appeals was forced to reverse the district court's determination. In so doing, however, the Court made the following statement:

> * * * It is true that bald assertions of insanity unsubstantiated by a recital of credible facts, would justify dismissal without further proceedings. United States v. McNicholas, 298 F.2d 914, 916 (4th Cir. 1962); Hartman v. United States, 310 F.2d 447, 448 (6th Cir. 1962); Hayes v. United States, 305 F.2d 540, 543 (8th Cir. 1962); Santos v. United States, 305 F.2d 372, 373 (1st Cir. 1962); Burrow v. United States, 301 F.2d 442, 443 (8th Cir. 1962) 317 F.2d at 354.

The court went on to point out that Fisher had attached many papers to his petition, including official correspondence from the Department of the Army and the Chief Medical Officer of the Atlanta penitentiary, which confirmed a istory of mental illness. Nothing of that sort has been offered by petitioner in this case.

The Court next decided the case of Nelms v. United States, 318 F.2d 150 (4th Cir. 1963). Again the district court had been of the opinion that Cason v. United States, supra, was controlling when, in fact, Bishop v. United States, supra, was. This fact alone required reversal. However, it is interesting to note that in this case the petitioner's counsel, at the time of sentencing, told the trial judge that he thought the defendant should be sent to a mental institution. In addition, Mr. Nelms attached various documents showing a history of mental disorder to the petition in which he alleged his mental capacity.

In *Nelms*, the Fourth Circuit noted that an assertion of insanity for the first time three years after conviction presented an improbable, but not impossible, situation. It went on to say:

> On the other hand, prisoners are not entitled and need not be permitted to make bald charges of mental incompetency to stand trial for the purpose simply of obtaining an excursion from the penitentiary. Hayes v. United States, 305 F.2d 540 (8th Cir. 1962). A balance must be struck between the practical and the theoretical, and this can best be done by the district judge. 316 F.2d at 154.

It is clear that in the present case Mr. Davis has simply made "bald charges of mental incompetence" without alleging any facts to support his contention. No affidavits or records of any sort have been attached which might lend some credence to his petition. Manifestly, he is not entitled to a hearing on this matter.

It is therefore adjudged and ordered that the petition for a writ of habeas corpus and the petition for a hearing on the question of insanity be, and the same are hereby denied.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and each of the respondents in this case.