## DODD v. UNITED STATES.

## LOVE v. UNITED STATES.

### Nos. 4415, 4416.

United States Court of Appeals
Tenth Circuit.

April 18, 1952.

Writ of Certiorari Denied June 9, 1952.

See 72 S.Ct. 1084.

ell on Slander and Libel, 14th Ed. Sec. 755, pp. 842–843; Cooper v. Miami Her-

Richard H. Duke, Denver, Colo., for appellant Dodd.

Walter Love, pro se.

Eugene Davis, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

Harry Lee Dodd and Walter Love each filed a motion to vacate the judgment and sentence under which he is now confined, alleging insanity at the time of conviction and sentence and the violation of constitutional rights as grounds for release. These appeals are from orders denying the motions.

The appellants were indicted on eight counts in the United States District Court of Kansas. The first seven counts under Section 2314, Title 18 U.S.C.A., charged interstate transportation of falsely made and forged checks. The eighth charged an attempt to escape from federal custody, in violation of Section 751, 18 U.S.C.A. When on February 7, 1951, appel-

ald Publishing Co., 159 Fla. 296, 31 So. 2d 382; 86 A.L.R. 48.

lants appeared before the sentencing court, and before pleading to the indictment, the court entered an order under Section 4244, 18 U.S.C.A., committing each of them to the Federal Medical Center at Springfield, Missouri, for examination and report on their mental capacity.

The neuropsychiatric evaluation submitted to the sentencing court by the Senior Assistant Surgeon and Acting Chief Psychiatrist of the Medical Center, classed each of the appellants as psychopathic personalities with pathological homosexuality. The report included the observation that as to Dodd, there was no "evidence of psychosis or insanity. Patient is completely competent, knows right from wrong, is able to defend himself and to accept the advice of counsel"; and, that Love presented a "classical picture of a psychopathic personality who is unable to adjust or benefit from experience, yet he must be considered mentally competent and legally sane, and able to understand the charges against him and to cooperate with counsel."

When appellants were brought before the sentencing court for arraignment they declined proffered counsel, but asked for a jury trial. The court nevertheless appointed counsel to assist them, and then advised appellants of the conclusions of the Medical Center's psychiatric reports. Later in the day, and after conferences with their counsel, appellants advised the court that they desired to enter a plea of guilty to the first five counts. The first five counts of the indictment were thereupon read in open court, and each of the appellants, for himself, entered his plea of guilty thereto. The remaining counts were dismissed upon motion of the Government. The court then specifically inquired of each appellant if he had any reason to urge why judgment and sentence should not then be pronounced, and each answered in the negative. Thereupon each appellant was sentenced for a term of ten years imprisonment, and were fined $5,000 on each of the five counts.

By the court's acceptance of the pleas of guilty in these circumstances, it resolved the issue of the appellants' mental capacity to know and understand the nature of the charge against them and to assist in their defense, and its judgments thereon are not subject to collateral attack. Hahn v. United States, 10 Cir., 178 F.2d 11; McMahan v. Hunter, 10 Cir., 150 F.2d 498; Srygley v. Sanford, 5 Cir., 148 F.2d 264; Hall v. Johnston, 9 Cir., 86 F.2d 820; Whitney v. Zerbst, 10 Cir., 62 F.2d 970. Cf. Frame v. Hudspeth, 10 Cir., 109 F.2d 356; Hallowell v. Hunter, 10 Cir., 186 F.2d 873.

Appellants also contend that they were coerced into entering their pleas of guilty by threats of a fifty year sentence; that there was collusion between the sentencing court and the assistant United States Attorney; and, that appellant Dodd was beaten by an F. B. I. agent at the time of their attempted escape. The trial court conducted an extensive hearing on the motions to vacate, and subpoenaed material witnesses requested by the appellants. Counsel was appointed to represent them. They were brought into court and permitted to testify in their behalf. The F. B. I. agent, and others accused of misconduct were present and testified. Based upon all the testimony the trial court found that there was no misconduct on the part of the F. B. I. agent and that there were no threats or infliction of bodily harm to either of the appellants. The court further found that all appellants' constitutional rights were fully protected throughout the proceedings culminating in their pleas of guilty and sentence, and that such pleas were freely and voluntarily entered. These findings are amply supported by the evidence and are conclusive here.

The judgments are affirmed.