**Harry Lee DODD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5074.**

United States Court of Appeals
Tenth Circuit.

April 9, 1955.

Herbert M. Weiser, Denver, Colo., for appellant.

Royce D. Sickler, Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., were with him on the briefs), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

**PER CURIAM.**

On two separate occasions, Dodd has previously been before this court questioning the validity of his present confinement. Dodd v. United States, 10 Cir., 213 F.2d 854; Dodd v. United States, 10 Cir., 196 F.2d 190, certiorari denied 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374. The circumstances of his conviction and sentence are set forth in the previous cases and need not be repeated here. In each of those cases, consideration was given to the contention that the appellant was not mentally competent when he entered his plea of guilty. The contention was overruled in each case.

 Upon oral argument, counsel contended that at the time the plea of guilty was entered, there was reasonable ground to believe that Dodd was not mentally competent, either at the time of the commission of the crime or when the plea of guilty was entered, and that the prosecution could no longer rely upon the presumption of sanity but had the burden of proving Dodd's sanity. This appears to be a correct statement of the law but not applicable in this case. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499; Durham v. United States, D.C.Cir., 214 F.2d 862. The right to consider the defense of insanity in a collateral proceeding was resolved in the first appeal. 196 F.2d 190, 191.[1] When the question of insanity arose, the trial court, acting under 18 U.S.C. A. § 4244, ordered Dodd committed to the Federal Medical Center at Springfield, Missouri, for an examination and report upon his mental condition. The report stated that Dodd was sane and that there was no evidence of psychosis or insanity. This did not preclude the defense of insanity in a trial. Dodd was represented by counsel and chose to enter a plea of guilty.

Generally, insanity at the time of the commission of the crime or at the time of trial is a defense which must be presented and determined at the time of trial. When that issue is decided and the judgment entered thereon becomes final, it is not thereafter subject to collateral attack by habeas corpus or proceedings under Section 2255. 28 U.S. C.A. § 2255; Dodd v. United States, 10 Cir., 196 F.2d 190, certiorari denied 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374; Hahn v. United States, 10 Cir., 178 F.2d 11; Whitney v. Zerbst, 10 Cir., 62 F.2d 970.

The other contentions of the appellant are without merit.

Judgment affirmed.

---

1. In considering the defense of insanity, the court said:

"By the court's acceptance of the pleas of guilty in these circumstances, it resolved the issue of the appellants' mental capacity to know and understand the nature of the charge against them and to assist in their defense, and its judgments thereon are not subject to collateral attack."