**Virgil L. HANDLON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 13011.

United States Court of Appeals
Sixth Circuit.

July 27, 1957.

Bruno G. Jaeger, Cincinnati, Ohio, for appellant.

Hugh K. Martin, U. S. Atty., and Thomas Stueve, First Asst. Atty., Cincinnati, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal arises out of a denial of a motion to vacate sentence under Title 28 U.S.C. § 2255.

Defendant[1] was indicted for the crime of bank robbery under Title 18 U.S.C. § 2113(a), and pleaded not guilty. The court of its own motion ordered that defendant be examined by a competent neurologist and later ordered that defendant be examined at the Medical Center for Federal Prisoners, Springfield, Missouri. The medical and psychiatric experts reported in substance that, while defendant was neurotic or partially psychopathic, he was legally sane, giving no evidence of delusions or hallucinations.

The court appointed an experienced and capable attorney to represent defendant. Thereafter defendant voluntarily entered a plea of guilty.

Defendant contends here that his sentence should be vacated upon the ground that he was insane at the time the offense was committed, at the time of his plea of guilty, and up to the present time. He has never been found to be legally insane nor committed in any insanity proceeding.

Defendant was afforded the examination provided for in Title 18 U.S.C. § 4244, and a motion to vacate under Section 2255 cannot be employed for the purpose of attacking collaterally the judgment of the District Court upon the issue of mental incompetency of the accused. Cf. Broadus v. Lowry, 6 Cir., 245 F.2d 304; United States v. Meadows, D.C.W.D.Mich., 140 F.Supp. 184, affirmed Meadows v. United States, 6 Cir., 232 F.2d 312; Dodd v. United States, 10 Cir., 222 F.2d 175.

The case of Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, relied on by defendant, is distinguishable on the facts, the accused having adjudicated insane in 1940 and confined in St. Elizabeth's Hospital for twelve years. The Supreme Court in Bishop v. United States, supra, treated the case as sui generis.

The court herein made elaborate and detailed findings of fact which are supported by the record and its conclusions are in accord with the applicable law.

It is ordered that the judgment of the District Court be affirmed upon the grounds and for the reasons stated in the memorandum filed by the District Court. Schumpert v. United States of America, 6 Cir., 226 F.2d 578; Hill v. United States of America, 6 Cir., 223 F.2d 699; Dodd v. United States, 10 Cir., 196 F.2d 190; Hahn v. United States, 10 Cir., 178 F.2d 11.

---

1. Defendant is denominated as in the court below.