**Vernon Glenn BELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16420.**

United States Court of Appeals
Ninth Circuit.

Aug. 10, 1959.

**420**

Warren R. Brock, Tucson, Ariz., for appellant.

Jack D. H. Hays, U. S. Atty., Michael A. Lacagnina, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before MATHEWS, STEPHENS and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

On November 24, 1958, appellant filed a petition for writ of error coram nobis asserting, *inter alia*, that he was mentally incompetent when he pleaded guilty on November 18, 1957, to charges under 18 U.S.C. §§ 2312 and 751 (1958). The petition alleged that in a psychiatric-ex-amination report dated May 1, 1957, made in connection with Arizona state criminal proceedings, the following description of appellant appears:

> "Mentally deficient, Sociopathically disturbed, persecutory perceptions, paranoid ideas, History of concussions."

In an affidavit attached to the petition appellant set forth additional excerpts from the alleged report. According to these excerpts the examination disclosed that appellant's "orientation is vague and there are present vague persecutory perceptions," although he was not psychotic. Hospitalization for mental treatment was recommended. The only other pertinent evidence in the record before the District Court was the transcript of the proceedings of November 18, 1957, at which he waived counsel and pleaded guilty.

█ The District Court treated the petition for writ of error coram nobis as a motion to vacate sentence under 28 U.S.C. § 2255 (1952) and denied relief without a hearing. We think the court properly treated the petition as a motion under section 2255 but that it erred in denying relief without a hearing.

█ The issue of competency to stand trial [1] is reviewable by collateral attack under section 2255.[2] That section requires the court to hear and determine the issue and make findings of fact and conclusions of law in respect thereto "unless the motion, files and record conclusively show the prisoner is entitled to no relief." [3]  [223 F.2d 586.]

█ We think this exception to the hearing requirement is inapplicable since it does not appear either (1) that the

---

1. Competency to stand trial of course includes competency for the purposes of pleading guilty and sentencing. Seidner v. United States, 1958, 104 U.S.App.D.C. 214, 260 F.2d 732.

2. Bishop v. United States, 1955, 96 U.S. App.D.C. 117, 223 F.2d 582, reversed on other grounds, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (per curiam); Simmons v. United States, 8 Cir., 1958, 253 F.2d 909; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48.

3. The obvious purport of the Supreme Court's decision in Bishop v. United States, supra, is that the conclusive showing, required for the exception to the hearing requirement of section 2255, may not be established solely on the basis of affidavits on the issue of trial competency. Accord, Gregori v. United States, supra.

issue of appellant's competency to stand trial has previously been determined in a proceeding under section 4244 [4] or section 2255 or in habeas corpus,[5] or (2) that his present claim of incompetency is plainly frivolous. We therefore reverse the order denying relief and remand the case to the District Court for further proceedings in accordance with this opinion.[6]

So ordered.

4.  18 U.S.C. § 4244 (1958).

5.  We do not decide, however, whether a prior determination of competency in any of such proceedings would be conclusive in the face of allegations of matters de-

hors the record tending to impugn the validity of that determination.

6.  See Lloyd v. United States, 1957, 101 U.S.App.D.C. 116, 247 F.2d 522. See also Wells v. United States, 1956, 99 U.S. App.D.C. 310, 239 F.2d 931.