**UNITED STATES of America, Respondent,**

v.

**John VALENTINO, Petitioner-Appellant.**

United States Court of Appeals
Second Circuit.

Submitted Aug. 22, 1960.

Decided Oct. 25, 1960.

John Valentino, petitioner-appellant, pro se.

Dominick L. DiCarlo, Asst. U. S. Atty., Brooklyn, N. Y. (Cornelius W. Wicker-

sham, Jr., U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y.), for respondent.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

John Valentino pleaded guilty in the United States District Court for the Eastern District of New York to an indictment charging the passing and possession of counterfeit money and was sentenced to imprisonment for a term of eighteen months on June 9, 1932. He was thereafter sentenced by the Court of General Sessions for the County and State of New York as a fourth felony offender to a term of imprisonment of not less than twenty-five years to life. He is now serving this term of imprisonment in the Attica State Prison in Attica, New York. His petition in the nature of a writ of error *coram nobis* attacking the judgment in the Eastern District of New York on constitutional grounds was denied without a hearing. His application for leave to appeal to this Court *in forma pauperis* was also denied by the District Court and he now requests us to grant him leave to prosecute *in forma pauperis* an appeal to this Court from the order denying his petition below.

We find it unnecessary to set forth in detail the evidence in the record of Valentino's mental condition at the time he pleaded guilty to the counterfeiting charge. He was not only sent to Bellevue Hospital for observation but had been transferred to the Psychiatric Ward of Bellevue Hospital after attempting to commit suicide at the Federal Detention Headquarters in New York and showed signs of mental trouble shortly after his arrival at Atlanta Penitentiary.

We note the statement of the District Court that the "available records are convincing that while the mentality of the defendant in the month of June 1932 was below normal, he was not legally insane and therefore had to be dealt with on that basis." We do not think the test is whether or not Valentino was "legally insane," but rather in the language of 18 U.S.C. § 4244 whether he was after his arrest and prior to the imposition of sentence "presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." True it is that § 4244 was enacted by the Congress many years after the imposition of sentence upon Valentino in 1932. But the provisions of this Section are declaratory of the common law and it is, moreover, too plain for reasonable debate that a prisoner should not be permitted to plead guilty to a criminal charge in a court of the United States if his mental condition was such that he was unable to understand the proceedings before him or properly to assist in his own defense.

There is a dispute as to whether or not Valentino was represented by counsel at the time he pleaded guilty to the counterfeiting charge. On the one hand he asserts that he was not represented by counsel, and, on the other hand he states in substance that he has no recollection whatever of the trial and does not know whether or not he was represented by counsel. He adds that as his wife said nothing about his having any lawyer, he probably did not have one. This is merely an incidental phase of a single issue framed in a double aspect; and this issue should be disposed of at a hearing. If he had counsel but did not have sufficient mentality to understand the nature of the proceedings against him or to assist in his own defense, it may well be that his conviction was obtained in violation of his constitutional rights, for lack of due process. Indeed, it would seem that the conviction would have to be set aside if it should be found as a fact, after a hearing, that he was at the time "insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." On the other hand, it may appear that he had counsel and that he did understand the nature of the proceedings against him and did properly assist in

his own defense, or that with knowledge of the nature of the charge and the proceedings against him he voluntarily waived his right to counsel.

Because of the lapse of time and the absence of records it may be difficult to arrive at a true and just conclusion in this case. But constitutional rights must be preserved.

 The hearing should be held before a judge who will not be required to testify as a material witness in the proceeding. United States v. Halley, 2 Cir., 1957, 240 F.2d 418. Moreover, as there is before us sufficient proof that Valentino is indigent, counsel should be assigned to represent him.

Remanded.