James Harland **BIRDWELL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19564.

United States Court of Appeals
Ninth Circuit.
May 11, 1965.

James H. Birdwell, in pro. per.

Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and MATHES, District Judge.

HAMLEY, Circuit Judge:

James Harland Birdwell appeals from the denial, in part, of his motion made pursuant to 28 U.S.C. § 2255 (1958) to vacate the sentence imposed upon him.

On September 10, 1962, while represented by counsel, Birdwell pleaded guilty to an information charging a violation of the Dyer Act, 18 U.S.C. § 2312 (1958). On September 18, 1962, he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4208(b) (1958), for imprisonment for the maximum period authorized by law (five years), and for a study and report as described in section 4208(b) and (c).

On January 2, 1963, without calling Birdwell and his counsel before the court, an order was entered reciting that the court had received and considered the report of the study which had been ordered, and ordering and adjudging that the sentence of imprisonment theretofore imposed be affirmed as therein modified. The modification was the inclusion of a provision that Birdwell would become eligible for parole " * * * at such time as the board of parole may determine, 18 U.S.C. 4208(a) (2)."

Birdwell filed the section 2255 motion now before us on November 26, 1963. He urged two grounds for relief: (1) it was error to impose final sentence without having him and his counsel present in court, and (2) at the time of his conviction and sentence he was mentally incompetent. Upon initial consideration of this motion the district court, on December 30, 1963, ordered that Birdwell be brought before the court on January 7, 1964.

Birdwell appeared in court with his counsel on that day and a hearing was held. Following this hearing, and on the same day, the court entered an order: (1) rescinding and setting aside the order of January 2, 1963, (2) reciting that the court had received and considered the report of the study which had been ordered on September 18, 1962, and (3) ordering and adjudging that the sentence of imprisonment theretofore imposed be affirmed, with the same modification which had been included in the order of January 2, 1963.

The court took no action concerning Birdwell's allegation that, at the time of his conviction and sentence, he was mentally incompetent. Nor did the court specifically grant or deny Birdwell's section 2255 motion, or mention that motion, in the order of January 7, 1964, Birdwell appeals from the order of January 7, 1964.

■ The district court proceeded properly in rescinding and setting aside the order of January 2, 1963. That order was an "imposition of sentence" within the meaning of Rule 43, Federal Rules of Criminal Procedure, and should not have been entered in the absence of Birdwell and his counsel. United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L. Ed.2d 224.

■ The moment that order was rescinded, and indeed prior thereto since the order was a nullity, Birdwell stood in the position of one as to whom sentence had not been imposed. The allegation in his section 2255 motion that at the time of his conviction and sentence he was mentally incompetent thus amounted to a motion, made prior to imposition of sentence and pursuant to 18 U.S.C. § 4244 (1958) for a judicial determination of his mental competency.

■ The district court should have acted upon this motion. The fact that it was made in connection with a proceeding under section 2255 is immaterial. Even had the district court not rescinded the order of January 2, 1963, Birdwell could have raised the question of his mental competency in a section 2255 proceeding. See Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Smith v. United States, 9 Cir., 267 F.2d 210; Fisher v. United States, 4 Cir., 317 F.2d 352.

The order of January 7, 1964 is affirmed insofar as it rescinds and sets aside the order of January 2, 1963. It is otherwise reversed and the cause is remanded with directions to follow the procedure set forth in 18 U.S.C. § 4244.