Gerald L. STONE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18810.

United States Court of Appeals
Ninth Circuit.

March 11, 1966.

See also D.C., 196 F.Supp. 386.

**504**

Jesse W. Jack, San Jose, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. Chief, Crim. Div., Robert M. Talcott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, BROWNING, and ELY, Circuit Judges.

BROWNING, Circuit Judge:

This is an appeal from a judgment dismissing a petition under 28 U.S.C.A. § 2255 without a hearing. We reverse.

On April 27, 1955, appellant, then 19, was indicted on charges of violating, on March 30 and 31 and April 8 of that year, 18 U.S.C.A. §§ 2113(a) and 2113 (d), relating to bank robbery. Acting pursuant to 18 U.S.C.A. § 4244 [1] the district court on May 9, 1955, ordered appellant examined by a psychiatrist to determine whether he was mentally competent to stand trial. After a two-hour examination the psychiatrist concluded that he was. The court accepted appellant's plea of guilty, and on June 30, 1955, sentenced him to seventy years' imprisonment, the maximum permitted for the offenses charged.

Appellant was initially committed to the custody of the Attorney General at the United States Penitentiary at McNeil Island, and later transferred to the United States Medical Center for Federal Prisoners at Springfield, Missouri, where he is still held.

In January 1959 appellant wrote the sentencing court questioning his own mental competency at the time of plea and sentencing. A formal motion under 28 U.S.C.A. § 2255, based on this ground, was filed on appellant's behalf on April 15, 1959. The following circumstances were brought to the court's attention. "Several weeks" after appellant arrived at McNeil Island Penitentiary, the chief

[1.] 18 U.S.C.A. § 4244 reads:

"§ 4244. Mental incompetency after arrest and before trial

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

medical officer noted signs of mental illness. In October 1955, within four months of sentencing, a psychiatric consultant reported that appellant was "chronically mentally ill" and that "the chances are very great" that he had been so at the time of the offense. On October 27, 1955, pursuant to 18 U.S.C.A. § 4241, appellant was certified as being of unsound mind by a board of examiners at McNeil Island Penitentiary. On February 25, 1956, he was transferred to the Springfield Medical Center, and a psychiatric examination at that institution found him to be "grossly psychotic, and in a withdrawn state."

The question of appellant's competency at the time of his plea was raised by the staff at McNeil Island Penitentiary and during appellant's first examination at the Springfield Medical Center. In the opinion of the staff at both institutions, appellant "was chronically mentally ill and probably incompetent at the time of trial." The reasons for this conclusion were detailed in a report to the court from the Springfield Medical Center dated March 31, 1959, summarizing the prior records. The latter report, made four years after sentencing, stated that appellant was then competent to understand legal proceedings and to consult counsel, but that "he was probably mentally ill at the time of the commission of his offense" and "was very likely incompetent to stand trial."

Late in 1955 or early in 1956, in the light of the findings of the staff at McNeil Island Penitentiary and Springfield

Medical Center, the Bureau of Prisons communicated with the United States Attorney regarding certification of appellant's probable mental incompetence at the time of trial, as provided by 18 U.S. C.A. § 4245.[2] The United States Attorney advised the Bureau of Prisons that the issue of appellant's mental competency had been raised and determined by the court prior to sentencing; and the Director of the Bureau of Prisons therefore concluded that he was barred from issuing a certificate by the terms of the statute.

On August 2, 1960, the district court entered an order denying appellant's section 2255 petition without an evidentiary hearing on the ground that the record conclusively showed that appellant was entitled to no relief. The court's reasoning is reflected in the following extract from its opinion, reported at 196 F.Supp. 386, 390:

"Where the question of the then sanity of a defendant, or his mental capacity to understand the proceedings against him and assist in his defense is raised before plea, and compliance is had with 18 U.S.C.A. § 4244, and the defendant then pleads guilty and the plea is accepted by the Court, and sentence imposed, the acceptance of the plea by the Court is a finding on such issues, and such finding is not subject to collateral attack by habeas corpus or proceedings under Section 2255 of Title 28 U.S.Code. Dodd v. United States, 10 Cir., 1952, 196 F.2d 190, certiorari denied 343 U.S. 987, 72 S.Ct.

2. 18 U.S.C.A. § 4245 reads:
"§ 4245. Mental incompetency undisclosed at trial
Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined by the board of examiners referred to in title 18, United States Code, section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of this trial, *provided the issue of mental competency was not raised and determined before or during said trial,* the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau

of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial." (Emphasis added.)

1084, 96 L.Ed. 1374;. 10 Cir., 1954, 213 F.2d 854; 10 Cir., 1955, 222 F.2d 175; Handlon v. United States, 6 Cir., 1957, 246 F.2d 866."

Appellant subsequently filed several petitions, one in the nature of coram nobis, others under section 2255, raising the same question. Each was denied in turn as a successive motion for similar relief under 28 U.S.C.A. § 2255. Appellant perfected this appeal from one such order, entered March 14, 1963.

■ The district court erred in denying appellant's first petition without a hearing on the ground that appellant's competency to stand trial was not reviewable by motion under 28 U.S.C.A. § 2255. That this is a proper ground for relief under section 2255 was settled by Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). See Birdwell v. United States, 345 F.2d 877 (9th Cir. 1965); Bell v. United States, 269 F.2d 419 (9th Cir. 1959). Cases from other circuits are collected in Nelms v. United States, 318 F.2d 150, 153 (4th Cir. 1963). See also Johnson v. United States, 344 F. 2d 401, 405 (5th Cir. 1965); Swisher v. United States, 326 F.2d 97 (8th Cir. 1964); Ellison v. United States, 324 F.2d 710 (10th Cir. 1963).

It has been frequently stated, and occasionally held, as in the *Dodd* and *Handlon* cases cited by the district court, that when the issue of competency to stand trial is raised and resolved before or during trial, the judgment of conviction may not be collaterally attacked on this ground. We need not decide whether this is a proper formulation of the rule applicable in some circumstances; in

any event it cannot be applied to the present case.

■ As the court stated in Caster v. United States, 319 F.2d 850, 852 (5th Cir. 1963), proceedings under 28 U.S. C.A. § 4244 are "non-adversary in character, unless and until the psychiatric report reflects a mental condition which calls for a hearing and examination by the Court of the appellant's competence." Obviously the psychiatric examination itself is not a hearing, and can result in no determination binding the accused. If the psychiatrist's report finds defendant competent, the matter may end there, for, so far as the statute is concerned, the court is not required to hold a hearing to determine the defendant's present competency even though the defendant may wish to contest the report's conclusion. By the express terms of section 4244, such a hearing and judicial determination are required only if the psychiatrist's report indicates that defendant is presently mentally incompetent. Meador v. United States, 332 F.2d 935, 936 (9th Cir. 1964); Formhals v. United States, 278 F.2d 43, 48 (9th Cir. 1960); cf. Whalem v. United States, 120 U.S.App. D.C. 331, 346 F.2d 812 (D.C.Cir.1965).[3] If the psychiatrist's report does so indicate, the court must then "hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto." 18 U.S.C.A. § 4244. At most, only a finding made following such notice and hearing would bind the accused and be immune from collateral attack. Krupnick v. United States, 264 F.2d 213, 217 (8th Cir. 1956).[4] Since there was no such hearing

---

3. We deal here only with the requirements of section 4244; appellant does not contend that the trial court had before it sufficient evidence of defendant's incompetence to stand trial to render the court's failure to hold a competency hearing a denial of due process. Cf. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815, March 7, 1966.

4. It is probably implicit in Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.

Ed. 835 (1956), that the action of a court in accepting a plea or continuing with trial following a pre-trial psychiatric examination is not a conclusive determination of the issue of competency to stand trial. In *Bishop*, a § 2255 hearing was ordered on the issue of competency, although it appears from the Court of Appeals opinion that a psychiatric report was before the trial court at the time of the original trial. Bishop v. United States, 96 U.S. App.D.C. 117, 223 F.2d 582, 585 n. 7

or finding here, the issue of appellant's competency to stand trial was properly raised by petition under 28 U.S.C.A. § 2255; and since the adequacy of appellant's allegations were not questioned, an evidentiary hearing was required.[5]

■ Although the issue is not directly presented, we wish to make it clear that we do not agree with the interpretation apparently placed upon section 4245 by the Director of the Bureau of Prisons and the United States Attorney. We do not agree that the Director was barred from certifying appellant's probable mental incompetency by the trial court's implied determination that appellant was competent to stand trial—nor would he have been barred had the court entered an express finding to that effect. The issue of mental competency is "raised and determined before or during said trial," within the meaning of section 4245, only if the district court holds the hearing and makes the finding contemplated by section 4244.

This is evident from the structure of the statute. Section 4244 provides that if before trial there is cause to believe that the accused may be mentally incompetent he shall be examined by a psychiatrist and if the report of the psychiatrist indicates present incompetency, a hearing shall be held and a finding made with respect to his mental competency. Section 4241 provides that a board of two medical officers and an expert on mental diseases shall examine any inmate alleged to be of unsound mind after arrival at the institution. Section 4245 provides that when the board of examiners has probable cause to believe an inmate was mentally incompetent at the time of trial, that fact shall be certified to the convicting court, and the court shall hold a hearing to determine mental competency in accordance with section 4244.

Thus, the statute provides that a hearing must be held if one psychiatrist finds probable cause before trial, or if the

(1955). See also Bostic v. United States, 112 U.S.App.D.C. 17, 298 F.2d 678, 680, 682 (1961); Taylor v. United States, 282 F.2d 16, 22–23 (8th Cir. 1960). Cf. Coates v. United States, 106 U.S.App.D.C. 389, 273 F.2d 514 (1959).

Due process would seem to require as much. "Whatever method is followed, there can be no valid final determination of the issue without notice and opportunity for the accused to present evidence and be heard." Dession, 53 Yale L.J. 684, 687 (1944).

5. If § 2255 were inapplicable, other remedies would probably be available.

"The competency rule did not evolve from philosophical notions of punishability, but rather has deep roots in the common law as a by-product of the ban against trials *in absentia;* the mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself." Foote, 108 U.Pa.L.Rev. 832, 834 (1960). See Ashley v. Pescor, 147 F.2d 318, 319 (8th Cir. 1945); Youtsey v. United States, 97 F. 937, 940–946 (6th Cir. 1899).

As this court said in Smith v. United States, 267 F.2d 210, 211 (9th Cir. 1959), "one who continues incapacitated by lack of understanding must never be tried or convicted of crime. A trial or

judgment of conviction of such a person is without jurisdiction because of lack of due process." See also United States v. Valentino, 283 F.2d 634 (2d Cir. 1960); Forthoffer v. Swope, 103 F.2d 707, 709–710 (9th Cir. 1939); Dession, 53 Yale L.J. 684, 685–86 (1944); Rice, 1 Washburn L.J. 91 (1960); Am.Bar Foundation, The Mentally Disabled and the Law 357–58 (1961); Weihofen, Mental Disorder as a Criminal Defense 429–30 (1954).

If for any reason a motion under § 2255 were "inadequate or ineffective to test the legality" of a detention of an order void for lack of jurisdiction because of the mental incompetence of the accused to stand trial, the issue might well be reached by habeas corus, or—where, as here facts are alleged which affect the validity of the judgment and, if known, would probably have brought about a different judgment—by writ of error coram nobis. Authorities are collected in Rice, 1 Washburn L.J. 91, 116, 119 (1960); Dession, 53 Yale L.J. 684, 689 (1944); Am.Bar Foundation, The Mentally Disabled and the Law 364, 365 (1961); Weihofen, Mental Disorder as a Criminal Defense 470–72 (1954). See also United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); United States v. Valentino, 283 F.2d 634 (2d Cir. 1960); Pledger v. United States, 272 F.2d 69 (4th Cir. 1959).

board of examiners finds probable cause after trial. The specific purpose of the latter provision is to require a court hearing where the board examination at the institution discloses grounds for a hearing which were not discovered in earlier proceedings, including the initial pre-trial examination by a single psychiatrist. Comment, 28 U.Chi.L.Rev. 154, 155–56 (1960). Obviously it would be inimical to the purposes of the statute to hold that the provisions for subsequent board examination and certification would be rendered functionless whenever the pre-trial examination, limited as it usually is, fails to disclose mental incompetency, and the court therefore proceeds with the trial. Under the statute, the certification procedure is inapplicable only when possible incompetency has been disclosed by the pre-trial psychiatric examination, and, as a consequence, a hearing has been held with the opportunity fully to explore the question of competency, and the court, following such a hearing, has determined the issue by an appropriate finding.

■ The question remains whether appellant should be denied a hearing because the petition before us followed others which unsuccessfully raised the same issue. The petition presents a substantial factual issue going to the integrity of the judgment under which appellant may be denied his liberty for the greater part of his life. Since we have concluded that no legal bar prevents the resolution of this issue on its merits, we believe— as the district court would doubtless have agreed had it shared our view of the law —that the ends of justice would be served by reaching the merits of that issue. We therefore do not inquire whether in the circumstances of this case a hearing on the successive petition would be required as a matter of law. Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963).

The judgment is reversed, and the case is remanded for a full evidentiary hearing upon the allegations of the petition. In the circumstances of this case, appel-

lant should be present at the hearing (United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952)), and should be provided the effective aid of counsel. Gunther v. United States, 97 U.S.App.D.C. 254, 230 F.2d 222 (1956).