**Carl Jess HANSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22154.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1969.

---

**200**

Carl Jess Hanson, Leavenworth, Kan., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and HAMLEY, Cirsuit Judges, and McNICHOLS, District Judge.

McNICHOLS, District Judge:

This is an action by Carl Jess Hanson, a federal prisoner, for vacation of sentence under the provisions of 28 U.S.C. § 2255 (hereinafter referred to as § 2255). The District Court denied the motion without hearing and this appeal followed. We affirm.

The single ground relied on by the appellant in his petition for relief under § 2255, as filed in the court below, was that he "was mentally incompetent at the time of arraignment, pleading and sentence."

The record discloses the following factual and procedural picture:

The appellant was indicted on January 6, 1965, on three counts charging three separate bank robberies. On the occasion of the initial court appearance, legal counsel was appointed for the accused. Counsel immediately moved for a psychiatric examination pursuant to 18 U.S.C. § 4244 (hereinafter referred to as § 4244). Such examination was ordered and one Dr. John D. Robuck, a psychiatrist, appointed to examine the defendant and report to the Court. Dr. Robuck's report was filed on January 19, 1965, and contained the opinion that Hanson was mentally ill but not legally insane, that he understood the nature of the proceedings against him and that he was able to assist his counsel in his own defense.

As the report of the examining psychiatrist indicated that the appellant was not insane and was mentally competent, no hearing was required to be held. 18 U.S.C. § 4244. However, the very experienced trial judge ordered a hearing to afford the accused and his counsel full opportunity to examine the psychiatrist and to produce other evidence if desired. This hearing was held on January 25, 1965, at which time appellant and his counsel were present. It was agreed by the parties at the hearing that the issue of mental competence would be considered submitted to the Court for determination on the written report of Dr. Robuck. The Court thereafter adopted the findings of the psychiatrist and held that the appellant was not insane, that he understood the nature of the proceedings being brought against him and that he was able to assist in his own defense.

Following the finding of competence, appellant entered a plea of guilty to one count of the indictment. The Court utilized the sentencing procedure permitted by 18 U.S.C. § 4208 and, while tentatively fixing a maximum penalty of twenty years' imprisonment, ordered a study of the prisoner conducted and a

report furnished as provided in subsection (c) of that statute. The study was duly carried out at the United States Medical Center at Springfield, Missouri and at the conclusion thereof a report was made to the Court by the Director of the Bureau of Prisons. Hanson was returned to the jurisdiction for such modification of the sentence as was deemed warranted. 18 U.S.C. § 4208(b).

Upon the return of the appellant, the District Court, apparently on a new motion of defense counsel, ordered still another psychiatric examination. For this purpose he appointed two qualified psychiatrists, one being the same Dr. Robuck who had previously examined Hanson and the other being a Dr. Alfred L. Larson. The doctors made independent examinations and filed separate written reports.

Dr. Robuck's report of June 25, 1965, contained an opinion identical to that incorporated in his prior report of January 19, 1965, i. e., that the patient was mentally ill, but not presently insane; that he understood the nature of the proceedings against him; and was able to assist in his own defense.

Dr. Larson's opinion as presented in his written report of July 13, 1965, differed in major respects from that of Dr. Robuck. Dr. Larson concluded that Hanson was not only mentally ill, but legally insane at the time of the examination. Dr. Larson was further of the opinion that the patient was able to comprehend the nature of the proceedings against him but was, because of his mental illness, not able to aid in his own defense.

In the face of this conflict of opinion, the Court very properly ordered a formal hearing on the issue of competence. On July 20, 1965 the hearing came on with the appellant and his counsel present. It was again agreed by the government and the defense that the factual issue of mental competence be submitted to the Court for determination on the evidence contained in the written reports of the psychiatrists. The Court thereupon held that the defendant was not insane; was mentally competent to understand the nature of the proceedings being brought against him; and to aid counsel in his defense. The sentence was modified to provide a term of imprisonment of fifteen years.

One and one-half years later, appellant filed the instant motion under Sec. 2255 alleging mental incompetence at the time of his arraignment, plea and sentence and praying that the sentence be vacated. The court below held that the records of the case conclusively showed that the exact issues sought to be raised had been fully heard and adjudicated; that the decision had been contrary to that now urged by the petitioner; and that it would be an absurdity to require the Court to afford an additional hearing; the Court thereupon, and without a hearing, denied the petition.

Appellant has perfected this appeal without the aid of counsel (the District Judge certified that the appeal was frivolous and not taken in good faith). The matter was submitted to this Court on briefs and without oral argument. Under a heading entitled "Questions Presented" appellant sets out thirteen subheadings in the form of queries, apparently intended as specifications of error. Of necessity appellee's brief took the form of responding to each of these thirteen items. We conclude however that only a single ultimate issue is properly before us. We must determine whether or not the Court below was in error in denying appellant's motion brought under Sec. 2255 without affording a full hearing thereon.

■ It is well established that the question of mental competency of a convicted defendant at the time of his trial or entry of plea may be raised by motion to vacate the sentence under Sec. 2255. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Bell v. United States, 9 Cir., 269 F.2d 419; Birdwell v. United States, 9 Cir., 345 F.2d 877. However, in those jurisdictions where the matter has been decided,

no such collateral attack on the sentence is usually permitted where the issue of competency was heard and determined in the trial court under the provisions of Sec. 4244. Dodd v. United States, 10 Cir., 196 F.2d 190, certiorari denied, 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374; Handlon v. United States, 6th Cir., 246 F.2d 866; Bradley v. United States, 8 Cir., 347 F.2d 121; Grill v. United States, 5th Cir., 363 F.2d 32.

This question has been the subject of comment by panels of this Court on at least two prior occasions, though the exact point seems never to have been clearly decided. In Bell v. United States, 269 F.2d 419, at page 420, the Court said:

"The issue of competency to stand trial is reviewable by collateral attack under section 2255. That section requires the court to hear and determine the issue and make findings of fact and conclusions of law in respect thereto 'unless the motion, files and record conclusively show the prisoner is entitled to no relief.' (Citing authority)

"We think this exception to the hearing requirement is inapplicable since it does not appear either (1) that the issue of appellant's competency to stand trial has previously been determined in a proceeding under section 4244 or section 2255 or in habeas corpus, or (2) that his present claim of incompetency is plainly frivolous. * * * "

In a further comment, and by way of a footnote, the Court issued the following caveat:

"We do not decide, however, whether a prior determination of competency in any of such proceedings would be conclusive in the face of allegations of matters dehors the record tending to impugn the validity of that determination."

Again the question was obliquely touched on in a 1966 case, Stone v. United States, 358 F.2d 503, at page 506 where Judge Browning, writing for the Court, had this to say:

"It has been frequently stated, and occasionally held, as in the *Dodd* and *Handlon* cases cited by the district court, that when the issue of competency to stand trial is raised and resolved before or during trial, the judgment of conviction may not be collaterally attacked on this ground. We need not decide whether this is a proper formulation of the rule applicable in some circumstances; in any event it cannot be applied to the present case."

■ It would appear that in both *Bell* and *Stone* this Court has given tacit acceptance to the general rule that, absent some unusual circumstance, where the question of mental competency has been determined in a Section 4244 proceeding prior to trial or prior to entry of plea of guilty, a Section 2255 collateral attack on the sentence based on the same ground will not ordinarily be permitted. Such a rule fully comports with the provisions of 28 U.S.C. § 2255 which relieves the sentencing court of the obligation to hold a hearing on motions attacking the sentence where the "motion, files and record of the case conclusively show that the prisoner is entitled to no relief."

■ In the instant case no unusual circumstances are shown to exist. The provisions of Section 4244 were fully complied with prior to the acceptance of the plea. Not one, but two separate hearings were afforded. The evidence on the question of mental competence of appellant was conflicting. It was the function of the trial judge as the finder of fact to resolve the conflict between the expert opinions. He made a finding based on competent and substantial evidence. This finding is not clearly erroneous, and therefore is binding on this appellate court.

We hold under the facts of this case it was not error for the lower court to dismiss appellant's Section 2255 motion without hearing.