**UNITED STATES of America**

v.

·Everett W. **WALLACE**, Jr.

Crim. No. CR–218–72–R.

United States District Court;
E. D. Virginia,
Richmond Division.

March 29, 1978.

Rodney Sager, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Melvin R. Manning, Richmond, Va., John Tinsley Wood, Colonial Heights, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, Everett W. Wallace, Jr., was convicted in this Court by a jury on February 23, 1973, of bank robbery and possession of a firearm during the commission of a felony. He now seeks a writ of habeas corpus. Jurisdiction is attained pursuant to 28 U.S.C. § 2255.

Liberally construing Wallace's petition for post-conviction relief, it may be read to raise the following allegations:

1. Letters written by Wallace to one James J. Welsh were unconstitutionally seized by the Assistant United States Attorney who handled the case on behalf of the Government;

2. Following the affirmance of Wallace's conviction by the United States Court of Appeals for the Fourth Circuit, Wallace's court-appointed counsel failed to advise him of his right to seek a writ of certiorari to the United States Supreme Court;

3. The Court's decision that Wallace was competent to stand trial was erroneous;

4. Wallace's competency evaluation at the Springfield Medical Center ("Springfield") was deficient in that testing was inadequate; staff physicians were incompetent; and the guidelines by which competency was judged were improper;

5. Dr. Jack Eardley, who had treated Wallace at Springfield, failed to disclose to the jury which convicted Wallace that he had observed Wallace while the petitioner was under the influence of thorazine, a tranquilizer, thus preventing the jury from properly evaluating Eardley's testimony on the issue of petitioner's sanity;

6. Wallace was delivered to the custody of the Attorney General for a competency evaluation in violation of 18 U.S.C. §§ 4244, 4246, in that he was not afforded a hearing prior to the decision to have him committed to Springfield; and,

7. 18 U.S.C. § 4246 is unconstitutional in that it constitutes cruel and unusual punishment.

The United States has moved for summary judgment. Petitioner has filed his responses thereto and the matter is ripe for disposition.

Addressing petitioner's allegations seriatim, the Court concludes as follows:

■ 1. Even if letters which petitioner wrote to Mr. Welsh were unconstitutionally seized, it is beyond doubt that petitioner suffered no harm cognizable in this proceeding as a consequence.[1] The letters

---

1. Petitioner in his response, alleges that he suffered five categories of "harm" as a result of the alleged seizure of the letters. First, he and Mr. Welsh suffered mental anguish, and Welsh suffered physical illness as a consequence of the seizing of the letters. While such harm may be cognizable in an action pursuant to 42 U.S.C. § 1983, it cannot justify issuance of a writ of habeas corpus. Second, petitioner was denied visitation by Mr. Welsh, "a qualified legal researcher." Since petitioner was represented by effective and competent counsel, this alleged harm is also insufficient. Third, the prosecutor showed these letters to potential witnesses. This bald assertion, unsupported by affidavits or facts, merits little consideration. Unless petitioner can make a colorable argument that these letters were seen by government witnesses and influenced their testimony, he is not entitled to a hearing on this conclusory, speculative allegation. Fourth, the letters were placed in a Court file open to the public when Mr. Welsh sued the government for their return. Again, such "harm", if any, cannot sustain a petition for habeas corpus relief. Fifth, petitioner alleges, again without supporting affidavits or evidence, that the Court reviewed the seized letters and based its conclu-

were never introduced into evidence or, so far as the record reflects, even mentioned, either at Wallace's trial or his competency hearing. Hence, they in no way contributed to his convictions.

■ 2. Court-appointed counsel's failure to inform a criminal defendant of his right to seek certiorari in the Supreme Court for a review of an adverse decision of the Court of Appeals may well constitute error. However, in the instant case, such alleged error is rendered harmless beyond a reasonable doubt by virtue of a letter from the Fourth Circuit Court of Appeals, dated December 21, 1973, informing petitioner of his right to seek certiorari.[2]

■ 3. A collateral attack on grounds of incompetency to stand trial will not ordinarily be permitted where, prior to trial, the accused was afforded a full and fair hearing on the issue of his competence. *Wojtowicz v. United States*, 550 F.2d 786 (2d Cir. 1977); *Hanson v. United States*, 406 F.2d 199 (9th Cir. 1969). Here, Wallace had two separate hearings on this issue and the Court found him competent each time. Wallace alleges only that the Court's conclusion that he was competent was incorrect; not that the process by which that decision was made was in some manner faulty. The due process clause does not guarantee that every decision reached will be factual or just; but only that a decision will be reached by processes that are fair.[3] Thus, insofar as petitioner alleges an error in outcome, rather than in process, his petition must fail.

■ 4. Wallace's allegations that the competency evaluation at Springfield was deficient must also fail. At the competency hearing on January 19, 1973, two doctors testified on petitioner's behalf. Each testified that it was his opinion that petitioner was mentally ill. However, each also conceded on cross-examination that petitioner "understood the charges against him and was able to recall the events on the date of the alleged offenses." Moreover, Dr. James A. Shield, Jr. stated that "as of the 10th of January, I felt that he was able to discuss his situation with his attorney . . . [;] he was willing and able to cooperate with his counsel." He went on to state, "in my opinion the diagnosis of paranoid schizophrenia is consistent with competency [to stand trial] in some cases and incompetency in others. In my opinion this particular patient when I examined him was competent . . . ." On the basis of the foregoing testimony alone, which was elicited from the defendant's own expert witnesses, the Court could only have concluded that petitioner was legally competent to stand trial. Hence, any deficiency in the evaluation process at Springfield was harmless error beyond a reasonable doubt.

5. Petitioner's allegation that Dr. Eardley did not disclose to the jury that his observations of petitioner were made while Wallace was under the influence of a tranquilizer is refuted by the trial transcript.[4]

■ 6. Wallace's contention that he was not afforded a hearing prior to the Court's

---

sion as to petitioner's competency in part on them. This allegation is wholly speculative, and the Court must add, wholly unfounded.

**2.** The letter incorrectly advised Wallace that the time limit for filing a certiorari petition was ninety (90) days instead of the thirty (30) day limit applicable to criminal petitions, Rules of the Supreme Court 22(2), and was sent after the actual time period for filing the petition had expired. Wallace has not alleged, however, that he attempted to file a certiorari petition or asked his attorney to do so, but was foreclosed from so doing because his petition was filed out of time. Hence, the inference is clear that Wallace knowingly waived his right to file a petition for certiorari.

**3.** One hopes that fair processes result in fair adjudications.

**4.** In his response to the motion for summary judgment, petitioner claims that Dr. Eardley lied as to the dosage of thorazine given him and as to how frequently the drug was administered. Petitioner supports this assertion with an affidavit of Mr. Welsh, who is presently under an order of commitment after having been adjudged insane, that petitioner was given "heavy doses" of thorazine "during the months of September and October 1972." Since Mr. Welsh is not alleged to possess medical training, the Court concludes that his assertions are insufficient to warrant a factual hearing.

entry of an order committing him to the custody of the Attorney General for a competency evaluation is refuted by the Court's records. Wallace complains that his court-appointed counsel stipulated that "the defendant should be examined by a psychiatrist for determination of his mental competence to understand the proceedings against him, to assist in his own defense, to determine his mental competence at the time of the alleged offense . . . and his mental competence to stand trial . . . ." The Court is satisfied beyond any doubt that this stipulation by defendant's counsel was made after careful thought and consideration, and in no manner evidences incompetence on the part of counsel.

7. Mr. Wallace challenges the constitutionality of 18 U.S.C. § 4246, which specifies procedures by which criminally accused persons may be committed for evaluation of their mental competency. He complains that § 4246 permits the long-term warehousing of mentally ill accused criminals without treatment. As Wallace is confined pursuant to a criminal conviction, not the provisions of § 4246, his release would not be affected by a decision on this issue. Hence, he may not raise same in the instant habeas corpus proceedings. Moreover, the Court has serious doubts as to Wallace's standing to litigate this issue in any proceeding.

In summary, the Court concludes that each of petitioner's allegations fails to raise issues on which a hearing would be required or necessary. Summary judgment in favor of the respondent will be granted.

An appropriate order will issue.