985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shane Douglas HOSKINS, Defendant-Appellant.
 No. 91-36238.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 29, 1993.
 
 1
 Appeal from the United States District Court for the District of Montana, No. CV-91-0105-CCL, Charles C. Lovell, District Judge, Presiding.
 
 
 2
 D.Mont.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: FARRIS and KLEINFELD, Circuit Judges, and EZRA,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Appellant Shane Douglas Hoskins pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a), and two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a). The district court departed upward from the guidelines, sentencing him to 57 months imprisonment on each count, to run concurrently. Hoskins made a motion under § 2255 to correct his sentence, which was denied. He appeals, claiming several sentencing errors by the district court, ineffective assistance of counsel at the sentencing hearing, and due process and statutory violations resulting from the court's resentencing of him in absentia. We affirm.
 
 
 7
 I. Standard of Review.
 
 
 8
 We review denial of a § 2255 motion de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 9
 II. Sentencing Errors.
 
 
 10
 Hoskins argues that the district court committed several sentencing errors, including: (1) improperly departing from the guidelines; (2) failing to give adequate reasons for departing; (3) relying upon inaccurate information contained in the presentence report; and (4) improperly aggregating the quantities of cocaine involved in the various counts. Because Hoskins did not object to any of these errors at the time of his sentencing, these claims are not cognizable unless he demonstrates cause for his procedural default and prejudice resulting from the errors of which he complains. United States v. Frady, 456 U.S. 152, 156 (1982); United States v. Durham, 767 F.2d 1395 (9th Cir.1985). Hoskins argues that his ineffective counsel at sentencing constitutes "cause" for his procedural default. Because we find that Hoskins' ineffective assistance of counsel claim fails, we hold that Hoskins' claims of sentencing errors are not cognizable on this appeal.
 
 
 11
 III. Ineffective Assistance of Counsel.
 
 
 12
 Hoskins argues that his counsel at sentencing was constitutionally ineffective because he failed to object to inaccuracies in the presentence report, the improper aggregation of the quantities of cocaine in the various counts, and the court's departure on the basis of Hoskins' criminal history. To succeed, he must prove that his counsel's performance fell outside the range of reasonably competent representation and that he was prejudiced by his counsel's ineffectiveness. Strickland v. Washington, 466 U.S. 668, 688 (1984). There is a strong presumption that an attorney's conduct falls within the "wide range of reasonable professional assistance." Id. at 689-90. Hoskins has failed to show that it did not in this case.
 
 
 13
 Hoskins claims that his counsel provided ineffective assistance by failing to object to the inaccuracies in the presentence report. This claim fails to satisfy the second prong of the Strickland test. A few days after sentencing Hoskins, the district court corrected its previous sentencing order by deleting the inaccurate portions of the report and its order. The court reconsidered its previous sentence and made the determination to adhere to it. The court found the departure warranted on the other two grounds listed in the original sentencing order--Hoskins' recent probationary status and criminal history. Hoskins has therefore suffered no prejudice as a result of his attorney's failure to object to the inaccuracies.
 
 
 14
 Hoskins' claim that his counsel was ineffective in failing to object to the court's aggregation of the cocaine amounts fails to satisfy both prongs of the Strickland test. The district court correctly aggregated the cocaine sold to undercover agents by his partner and the cocaine found in Hoskins' jacket when he was arrested. See §§ 3D1.2(d) and 3D1.3(b). There was nothing to which Hoskins' attorney could have objected, and Hoskins was not prejudiced by his failure to object.
 
 
 15
 Hoskins' claim that the court improperly departed based on his prior criminal conduct and recent probationary status is more substantial, but our review of the guidelines and caselaw does not convince us that Hoskins' attorney acted unreasonably in failing to object to the departure. The judge did not fully articulate the grounds for an extent of the departure as required by United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc), but that case had not yet come down. The court's conclusion that Hoskins' "criminal history category does not adequately reflect the seriousness of his past criminal conduct" was supported by the presentence report. It showed by reliable information an uninterrupted history of delinquency and crime since Hoskins was a child probably sufficient for a departure as explained by the commentary to U.S.S.G. § 4A1.3. There is no reason to suppose that Hoskins' sentence would have been different had his attorney objected to departure on these grounds or that his attorney's failure to object was outside the wide range of reasonably competent representation. The judge sentenced in the alternative, without and with the guidelines, because the sentencing was during the time between when the Ninth Circuit had held the guidelines unconstitutional and when the Supreme Court reversed that determination. There was no reason to suppose that Hoskins' sentence would have been more lenient had his attorney objected to the guidelines analysis.
 
 
 16
 IV. Correction of Hoskins' Sentence In His Absence.
 
 
 17
 Hoskins argues that the district court violated Federal Rule of Criminal Procedure 43(a) and denied him due process by correcting his sentence without notice to him and an opportunity for him to be present. Rule 43 requires a defendant's presence at the "imposition of sentence," and provides for an exception in cases of "a reduction of sentence under Rule 35." Fed.R.Crim.P. 43(a) and (c)(4). Here, the presentence report relied upon by the district court stated that Hoskins was out on bail when the instant offense was committed. Hoskins denied this, and the judge, seven days after sentencing, issued an order finding that Hoskins was correct and striking the erroneous statement. The court then considered whether the correction would affect the sentence, and determined that "the sentence would not have differed had the error not been made." The court found "sufficient ground for the slight upward departure based upon the fact that Hoskins had been discharged from a prior probation only four months prior to his involvement in the events which are the basis for the charges herein, and due to his prior involvement in criminal activity."
 
 
 18
 Although this correction was not a "reduction," neither was it an "imposition." No new or additional terms were imposed. The judge struck an erroneous fact, considered whether this would lead to a change in the sentence, and decided that it would not. Compare Birdwell v. United States, 345 F.2d 877, 878 (9th Cir.1965) (sentence modified to include statement as to parole eligibility). The correction was not an "imposition of sentence" requiring Hoskins' presence.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Ezra, Judge of the United States District Court for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3